[Civ. No. 4221.  Second Appellate District, Division Two.—July 16, 1923.]

In the Matter of the Estate of SARAH J. GRAHAM, Deceased.

[1] CHARITABLE TRUSTS—HOW CONSTITUTED.—A charitable trust is constituted by a donation in trust for establishing or carrying on an institution dedicated to the welfare of the public or some definite class or part of it.

[2] ID. — CREATION — DESCRIPTION OF BENEFICIARY — APPLICATION OF FUNDS—VALID BEQUEST.—In the creation of a charitable trust it is not necessary nor usually possible that the particular beneficiary be named or the manner of the application of the trust funds be described in detail by the donor; and a devise of property to the trustees of a church, "to be held in trust by them and from

1. Creation and general requisites of charitable trusts, notes, 14 L. R. A. (N. S.) 75; 37 L. R. A. (N. S.) 993.

which, the income only, is to be used in keeping the property of the aforesaid church in good condition, and also in making any necessary improvements, the principal being kept intact," is sufficiently definite in these respects.

[3] ID.—DEVISE TO CHURCH—VALID USE OF FUNDS.—A devise of property to the trustees of a church for use in keeping the property of the church in good condition is a use of funds for charitable purposes, and such devise is not subject to the objection that it permits the trust funds to be applied to uses contrary to law.

[4] ID.—AMENDMENT TO SECTION 1313, CIVIL CODE—CONSTITUTIONALITY OF.—The 1919 amendment to section 1313 of the Civil Code, providing that nothing in that section contained "shall apply to bequests or devises made by will executed at least six months prior to the death of the testator who leaves no parent, husband, wife, child, or grandchild, or when all of such heirs shall have by writing, executed at least six months prior to his death, waived the restrictions contained herein," is not unconstitutional or void.

APPEAL from an order of the Superior Court of Inyo County directing distribution of an estate. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Sherrer for Appellants.

Kimball Fletcher and A. P. Thompson for Respondents.

M. F. Mitchell, as *Amicus Curiae.*

W. A. Lamar for Administrator.

CRAIG, J.—While the estate of Sarah J. Graham, deceased, was in process of probate, and within the time allowed by law, the appellants made written objections and contested the distribution of the residue thereof. Upon a hearing of the objections and contest the court denied the same and ordered the distribution of the residue of the estate under the terms of the will. From this order the contestants take this appeal, and especially except to that part of the

3. Devise or bequest to church as charitable use, notes, 63 **Am. St. Rep.** 264; 4 Ann. Cas. 1139; 9 Ann. Cas. 1202; Ann. Cas. 1914D, 451.

order distributing the residue under the terms of the will to the trustees of the Big Pine Methodist Episcopal Church.

The second paragraph of the will reads as follows: "I, believing that I have no lawful heirs, give, devise and bequeath unto the trustees of the Big Pine Methodist Episcopal Church, of the Town of Big Pine, County of Inyo, State of California, to be held in trust by them and from which, the income only, is to be used in keeping the property, of the aforesaid church in good condition, and also in making any necessary improvements, the principal being kept intact, the following":

It is urged that this part of the will is invalid for two reasons. First, that it empowers the trustees of the church to devote the trust funds to other than charitable purposes. Second, that it establishes a perpetuity for purposes other than charitable, and therefore violates the statute against perpetuities. The appellants insist that in providing that the income from the trust estate is to be used "in keeping the property of the aforesaid church in good condition, and also in making any necessary improvements"; the will permits and provides for other than charitable uses.

[1] Whatever may be the rule in other jurisdictions, the law in this state is settled without conflict that a charitable trust is constituted by a donation in trust for establishing or carrying on an institution dedicated to the welfare of the public or of some definite class or part of it. Such an institution we must assume the Big Pine Methodist Episcopal Church to be. (*People ex rel. Ellert* v. *Cogswell*, 113 Cal. 129 [35 L. R. A. 269, 45 Pac. 270].) For contestants have not questioned the validity of the will by denial of the church's capacity to take as a charitable institution. [2] In the creation of a charitable trust it is not necessary nor usually possible that the particular beneficiary be named or the manner of the application of the trust funds be described in detail by the donor. We think the purpose of keeping up the property of the church is sufficiently definite in these respects. [3] As we construe the will, the devise is one for charitable purposes only, and therefore not subject to the objection that it permits the trust funds to be applied to uses contrary to law.

Since it must be conceded that the church itself is a charity within the definition of that term, surely "keeping the

property of the aforesaid church in good condition'' is a use of the funds devised for charitable purposes. This proposition seems self-evident. In a quotation from 5 R. C. L. 327, paragraph 50, contained in appellant's brief, it is said:

''A gift to a church is a charitable one, for it is settled law that a Christian church, lawfully existing, is a charity within the meaning of the statute of Elizabeth. The very term 'church' imports an organization for religious purposes, and the property given to it *eo nomine* in the absence of all declaration of trust or use must, by necessary implication, be intended to be given to promote the purposes for which a church is instituted, the most prominent of which is the public worship of God. *It follows that the legitimate use by a church of property so given must result in its application for the benefit of those who attend upon, or are within the sphere of the influence of, the services of the church,* by bringing them under the influence of religion. . . . It is therefore clear that gifts for the erection, maintenance, and *repair* of the church buildings create charitable uses.'' (Italics ours.)

If it is judicially determined that the ''legitimate use'' by a church of property given to it must result in a charity, it seems certain that the keeping up of that same church property is a charitable use of the funds so employed. It is said by Pomeroy in his work on Equity Jurisprudence, section 1023, paragraph 3: ''Gifts, devises and bequests in trust for educational purposes are valid, since they are all clearly within the spirit of the statute. This class embraces all trusts for the founding, endowing, and *supporting schools and other similar institutions,* which are not strictly private.''

The following gifts were held to be for charitable purposes, and valid: For the erection and maintenance of a church (*Appeal of Mack,* 71 Conn. 122 [41 Atl. 242]) ; for the erection of a chapel and maintenance of mission (*Appeal of Elliott,* 74 Conn. 586 [51 Atl. 558]) ; to a church for improvements (*French* v. *Calkins,* 252 Ill. 243 [96 N. E. 877]).

Again, in section 1021 of Pomeroy on Equity Jurisprudence, paragraph 1, the author says: ''The support and propagation of religion is clearly a 'charitable use.' This includes gifts for the erection, maintenance, and repair of church edifices,'' etc. Churches, like other institutions, are

legally dependent upon funds to accomplish their charitable purposes, and require property to function as charitable organizations. Appellant is entirely correct in his contention, which is amply sustained by numerous authorities cited by him, and not contested by any cases that have been called to our attention, that in order to create a valid charitable trust in perpetuity the language employed must require the fund to be expended for charitable purposes only. On the other hand, none of those authorities go so far as to say that the keeping up of property which is itself necessarily involved in charitable work is not also exclusively for a charitable purpose. We conclude that although it be conceded that the gift in question would permit the use of the fund devised to keep up property other than the church edifice and grounds, as, for instance, a rooming-house, or an office building, it would still be valid as for a charitable purpose, for the income of the property thus sustained would inevitably, and because of its belonging to a charitable institution, functioning for charitable purposes, be a charitable use.

[4] Appellant further insists that the amendment to section 1313 of the Civil Code enacted by the legislature in 1919 (Stats. 1919, p. 324), is unconstitutional and void. The devise here in question would have been prohibited by the law as it stood prior to this amendment, because it gives more than one-third of the residue of the estate for charitable purposes. Section 1313 of the Civil Code as amended in 1919 reads as follows: "Provided, however, that nothing in this section contained shall apply to bequests or devises made by will executed at least six months prior to the death of the testator who leaves no parent, husband, wife, child, or grandchild, or when all of such heirs shall have by writing, executed at least six months prior to his death, waived the restrictions contained herein."

Appellant concedes that the testatrix did not leave any parent, child, or grandchild, and that the will was made more than six months prior to her death, hence, that if the amendment of 1919 is constitutional, the devise is valid. The appellant's contention that the amendment is unconstitutional is based upon the claim that it violates section 11 of article I of the constitution of this state, which provides that "all laws of a general nature have uniform operation," and also that it is contrary to section 21 of article I of the

constitution, which reads, "nor shall any citizen, or class of citizens, be granted privileges or immunities, which, upon the same terms, shall not be granted to all citizens." And further, it conflicts with the provision of subdivision 12, section 25, of article IV of the constitution, which provides: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: Affecting the estates of deceased persons, minors, or other persons under legal disabilities." And, lastly, that said amendment is contrary to subdivision 19 of the last-named section and article of the constitution, which prohibits "granting to any corporation, association, or individual any special or exclusive right, privilege or immunity."

Appellant's principal contention, as expressed in the brief, is, that the statute selects certain classes of heirs, to wit, parents, husbands, wives, children, and grandchildren, and grants to them a privilege not accorded to other heirs. It is said that this privilege consists of the right to say whether or not they will be bound by the terms of the amendment. It is obvious that this argument is unsound because in exercising the right to waive in writing the prohibition against the devise of more than one-third of an estate for charitable purposes, the parents or other heirs designated are acting, not opposed to, but in accord with, and pursuant to, the amendment.

But it is further insisted that there is no apparent reason why all heirs, as well as parents, husbands, wives, children, and grandchildren, should not be extended the privilege of consenting to the devise of the whole of the estate for charitable purposes. The classes of heirs which the legislature has selected as recipients of this authority are those whom experience teaches might reasonably be regarded as the most natural objects of the testator's bounty. The distinction between them and other relatives in this regard, as well as the matter of nearness in consanguinity, is sufficiently marked to make the matter one for the exercise of legislative discretion. This being so, the courts have no right to question the wisdom of the statute.

*Amicus curiae* presents a different theory for contesting the constitutionality of section 1313 of the Civil Code. He agrees with respondent that this section may be regarded as

one classifying testators and not heirs; he claims that the section divides testators into three classes, as follows:

"(1) Testators who leave no heirs;

"(2) Testators who leave a parent, husband, wife, child, or grandchild; and

"(3) Testators who leave heirs no nearer than nephews or nieces."

And further that it is not uniform in its operation upon those belonging to the third class; therefore, that it is unconstitutional because "it permits testators with no nearer relatives than nephews or nieces to devise one-third of their estates to charity if they make their wills thirty (30) days prior to death when it denies to testators of the same class the right to leave any of their property to charity if they happen to have made their wills six months prior thereto."

We are unable to follow this reasoning. The statute operates no differently upon one testator who has relatives other than parents, a husband or wife, children, or grandchildren, than upon any other testator similarly situated as to the possession of relatives. If the argument advanced by *amicus curiae* is valid, it would apply to all statutes placing a time limit upon the performance of any act. For instance, the law requiring a creditor to present his claim against the estate of a deceased person within a certain period after notice would be subject to the charge that it does not operate uniformly; this would be the case, according to the contention urged, because one creditor who presents his claim in time will have it allowed, and another who is late in filing it with the executor, must be refused and fail to be paid, perhaps a just debt, and yet both may be creditors of the same class.

No one has ever doubted the right of the legislature to say that, to be valid, a noncupative will must be made during the last illness of the testator, or on the day of his death. Yet such provisions necessarily result in some attempted oral directions as to the disposition of personal property being regarded as valid and others as void, although differing only in point of time when made. In such cases also the contingency upon which the difference depends is death, and, like that resulting in the instances supposed by the brief of *amicus curiae*, the happening of the event is entirely beyond the control of the testator.

Section 1313 of the Civil Code permits charities other than those named in section 1275 of the Civil Code to receive bequests. At the same time it has provided such restrictions as the legislature considered proper upon the charitable corporations or societies affected receiving gifts. This is a matter wholly within its province. (*Bennalack* v. *Richards*, 116 Cal. 405 [48 Pac. 622] ; *Estate of Comassi*, 107 Cal. 1 [28 L. R. A. 414, 40 Pac. 15].) Nor is this an instance where the legislature has enacted a regulation without conceivable reason and in derogation of substantial rights. The right of testamentary disposition is not one granted by the constitution, but rests in the legislative will. (*Estate of Walker*, 110 Cal. 387 [52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815].) It is plain that the purpose of section 1313 of the Civil Code was to safeguard those who might naturally become the objects of a testator's bounty from inadvertence or undue zeal upon his part for a charity. This is a reason consistent with the policy of the trend of statutory enactments in this state and elsewhere. Courts may not consider the wisdom of this or any measure within the jurisdiction of the legislature to enact. We perceive no valid ground for questioning its constitutionality.

The judgment and order are affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1923.