[Civ. No. 14367.   Second Dist., Div. Three.   July 14, 1944.]

Estate of MINNIE F. COTTRILL, Deceased.   EDNA DORO-
THY CAMPBELL, Appellant, v. ANNA MICHEL, as
Executrix, etc., et al., Respondents.

Ben F. Gray for Appellant.

Lindstrom and Bartlett and Robert L. Moore for Respondents.

WOOD (Parker), J.—Minnie F. Cottrill died on August 9, 1941. She left an holographic will dated January 10, 1939, to which there were two codicils. The last codicil was dated June 20, 1940. The estate was of the approximate value of $49,000. Her only heir was a niece, the appellant. The will and codicils were admitted to probate and provided that the estate should be distributed as follows: $50 to the niece; $105, in the aggregate, to other persons; and the residue to The First Church of Christ, Scientist, in Boston, Massachusetts. Said church was a charitable institution.

On May 17, 1943, the executrix filed her second and final account, and a petition for final distribution wherein the executrix sought distribution in accordance with the provisions of the will. Appellant filed objections to the petition for final distribution, wherein she stated that she was a niece of decedent; that the will devised and bequeathed to a charitable corporation for charitable uses more than one-third of the estate; that the will was executed more than six months before decedent's death; that appellant was entitled under the law to have "distributed to her two-thirds of the estate"; and that the petition for distribution, in asking for distribution of more than one-third of the estate to the charitable corporation, was contrary to law. The executrix and the church (residuary beneficiary) each filed a general demurrer to said objections, and specified as grounds therefor that said objections and the record show that said objector was a niece of testatrix, that the will and codicils were executed at least six months prior to the death of testatrix, and that the objector had no legal basis for objecting to the distribution in accordance with said petition. The demurrers were sustained

without leave to amend. An order was made settling the second and final account as rendered, and an order was made that distribution be in accordance with said petition for final distribution. The appeal is from said orders, and from the order sustaining the demurrers without leave to amend.

Section 41 of the Probate Code, as amended in 1937, provided: "No estate . . . may be bequeathed or devised to any charitable . . . corporation . . . for charitable uses, *by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was* duly executed at least thirty days before the death of the testator. If so *executed* at least thirty days before death, such devices [sic] and legacies shall be valid, but they may not collectively exceed one-third of the *testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third,* and if they do, a . . . deduction . . . shall be made so as to reduce the aggregate thereof to one-third of the estate. All *property bequeathed or devised contrary to . . . this section shall go to the . . . niece . . . to the extent that they [she] would have taken said property . . . but for such devises or legacies. . . ."* (Italics added.)

Section 43 of the Probate Code provides: "Nothing in this article contained shall apply to bequests or devises made by will executed at least six months prior to the death of a testator who leaves no spouse, child, grandchild or parent, or when all of such heirs, by a writing executed at least six months prior to his death, shall have waived the restriction."

It will be noted that testatrix had executed her will and both codicils more than six months prior to her death.

Appellant contends that section 41 of the Probate Code, *as amended in 1937,* supersedes section 43 of that code, and limits the aggregate of charitable devises and bequests to one-third of a testator's estate when such testator is survived by a niece—even though the will was executed more than six months before the death of the testator.

The Probate Code was adopted in 1931. Article II of chapter I, division I, of the Probate Code, entitled "Gifts to Charity," consists of four sections—40, 41, 42 and 43. The provisions of sections 41 and 43 have been stated above. Section 40 provides that the limitations of that article apply to both foreign and domestic wills. Section 42 provides that

certain municipal and state institutions are excepted from the limitations of that article. Said sections 40 and 42, however, are not involved herein. When the Probate Code was adopted, sections 41, 42 and 43 of that code were taken practically verbatim from former section 1313 of the Civil Code. Typical instances of differences in the language used in said sections of said codes are: that the word "unless" was used in the Probate Code in lieu of the word "except," the word "death" was used therein in lieu of the word "decease," and the word "article" was used therein in lieu of the word "section." In adopting the Probate Code in 1931, former section 1313 of the Civil Code was divided into three parts; and in substance—the first part became section 41, the second part became section 42, and the third part became section 43. Section 43, above quoted, has not been amended. Section 41, at the time the Probate Code was adopted, provided: "No estate . . . may be bequeathed or devised . . . for charitable uses, *unless done by will* duly executed at least thirty days before the death of the testator. If so *made* at least thirty days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the *estate of a testator who leaves legal heirs,* and if they do, a . . . deduction . . . shall be made so as to reduce the aggregate thereof to one-third of the estate. All *dispositions of property made contrary hereto shall be void, and go to the residuary legatees or devisees or heirs, according to law."* (Italics added.)

It is to be noted that the principal difference in section 41 before and after the 1937 amendment, insofar as the issue here involved is concerned, is that before the amendment the section stated that no testamentary disposition of property to charity could exceed collectively one-third of the estate of a testator who leaves "legal heirs"; and that after the amendment the section stated that no testamentary disposition of property to charity could exceed collectively one-third of the estate of a testator *"as against his spouse, brother, sister, nephew, niece, descendant or ancestor,"* who would otherwise, under the will or the laws of succession, have taken the property so bequeathed or devised. (Italics added.) In other words, before said 1937 amendment the general expression "legal heirs" was used in section 41, and after the said amendment a specific expression designating certain heirs was used in said section. Before the amendment, a niece was

included in section 41 under the general expression "legal heirs"; and after the amendment, a niece was included in that section under the specific designation of certain heirs. Under said section 41, before said amendment, there was no limitation as to how distant the degree of relationship of "legal heirs" might be. After said amendment of that section, the degree of relationship of a person who might invalidate a testamentary disposition to charity of more than one-third of an estate, within the provisions of said section 41, was limited to a certain classification of heirs. The effect of the amendment, therefore, was to make a limitation as to the degree of relationship of heirs who could invalidate such testamentary gifts to charity. Such a limitation enlarged or extended the right of a testator to make testamentary gifts to charity, by decreasing the number or classes of heirs who could object to such disposition of property. The 1937 amendment eliminated some of the collateral and more distant relatives in whose behalf the charitable gift restrictions had theretofore operated. A niece, however, was not one of the collateral relatives so eliminated by the amendment but was retained, under an express provision of the amendment, as one in whose behalf said restrictions operated. Section 41 was no more favorable to a niece after the amendment in 1937 than it was before the amendment, since a niece was included in that section before and after the amendment. With respect to charitable institutions, however, said section was more favorable to them after the amendment than it was before, since there were fewer classes of heirs who could object to charitable bequests. As above stated, section 43 was not amended, and it expressly provided that nothing "contained" in said "article" should apply when certain conditions stated in section 43 existed. Section 41, being "contained" in said article II, was subject to said provisions of section 43. Former section 1313 of the Civil Code, upon which said article II was based, provided in the last portion thereof that "Nothing in this *section* contained shall apply" under certain conditions there stated, which conditions were the same as those stated in section 43. (Italics added.) Under said section 1313 of the Civil Code, when said certain conditions existed, that is, the decedent left no husband, wife, child, grandchild or parent, and the will was executed more than six months prior to the death of the testator, the "legal heirs" referred

to in that section could not invalidate the testamentary disposition to charity. In the *Estate of Graham* (1923), 63 Cal.App. 41 [218 P. 84] (which was decided when section 1313 of the Civil Code was in effect), the testatrix left no husband, parent, child or grandchild. She executed a will more than six months prior to her death, and gave more than one-third of her estate to charity. Second cousins (as shown by the transcript therein) of testatrix filed objections to a distribution under the terms of the will. The court overruled said objections and ordered that the estate be distributed in accordance with the will. The effect, therefore, of that decision was that the provisions in said section 1313 in the Civil Code, which were the same as the present provisions in section 43 of the Probate Code, rendered inapplicable the other provisions of section 1313, with respect to objections by "legal heirs," when the will had been executed more than six months before the death of a decedent, who left none of the relatives listed in section 43. ■ In interpreting the Probate Code provisions relative to "Gifts to Charity," especially in view of the reference in section 43 to the whole of article II, all of the code sections in said article II should be considered together and as a whole. When so considered, the interpretation of article II, insofar as the effect of the provisions of section 43 (relative to a will made more than six months before death) is concerned, should be the same as the interpretation in the *Estate of Graham, supra,* of the similar provision in former section 1313 of the Civil Code. In the *Estate of Yule* (1943), 57 Cal.App.2d 652 [135 P.2d 386], which arose after the 1937 amendment to section 41, it was contended by appellants that a testamentary disposition of property to charity should be limited to one-third of the estate. The appellants were half-sisters, nephews and nieces (as shown by the clerk's transcript therein). Respondents contended, and it was so held, that under section 43 the disposition was valid. The court said, at page 655: "It is provided in section 43 of the Probate Code that the restriction referred to in section 41 shall not be applicable to bequests or devises made by will executed at least six months prior to the death of a testator who leaves neither spouse, child, grandchild or parent. The will now before us was executed more than six months before the death of decedent, who left none of the relatives listed in

section 43 of the code. It follows that the gift in question is not limited by the restrictions of section 41.'' ▇ In the present case, the will was executed more than six months before the death of decedent, who left none of the relatives listed in section 43 of the Probate Code. The testamentary gift herein to a charitable institution is not limited by the restrictions of section 41 of the Probate Code.

▇ The amendment of section 41 in 1937 did not operate to repeal section 43. ▇ The presumption is against repeal by implication. ▇ The subject matter of the two sections is not the same. In amending section 41 the Legislature did not attempt to revise the law covered by the two sections, and as those sections now stand they are not less harmonious or less reconcilable than they were before the amendment. For these and for other reasons the two sections must be read together. (See 23 Cal.Jur. 694-703.)

The order settling the second and final account, and the order for final distribution are affirmed. The appeal from the order sustaining the demurrers is dismissed, such order not being an appealable order.

Desmond, P. J., and Shinn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1944.