86 Cal.App.2d 422 (1948)
Estate of EFFIE JARRETT RANDALL, Deceased. HOWARD McCONNELL, Petitioner and Respondent,
v.
GLEN KNOX et al., Appellants; CATHOLIC CHURCH OF SANTA MONICA et al., Legatees and Respondents.
Civ. No. 16256. 
California Court of Appeals. Second Dist., Div. One. 
June 29, 1948.
 Raymond E. Parr for Appellants.
 Samuel J. Crawford, Fogel & McInerney and Joseph E. Deering for Respondents.
 DORAN, J.
 The decedent, Effie Jarrett Randall, died on March 31, 1945, leaving a will dated January 24, 1945, which was duly admitted to probate. After certain specific legacies the will contains the following provision:
 "The residue I want the Christian Church of Santa Monica and the Catholic Church of Santa Monica to have to be used to care for worthy sick old people who have no means." It was stipulated that all property of which decedent died possessed was formerly the community property of decedent and her predeceased husband, Eugene B. Randall. The trial court found that the decedent left surviving as heirs at law, a brother, Ralph Jarrett, and two nephews, Glen Knox and Stanley Knox, children of a predeceased *424 sister, who are the appellants herein. The husband's only surviving heir is Ellis E. Randall, a brother.
 The balance left in the estate for distribution after payment of administration expenses and specific legacies, was $20,024.41. This balance the probate court distributed by first alloting to the two charities one-third of the net estate. The remaining two-thirds was then divided half and half between decedent's blood relatives, appellants herein, and the charities which are respondents herein.
 The present appeal involves an interpretation of section 41 of the Probate Code and, according to the respondents' brief, presents the following question: "To what extent is a charitable bequest made by a will executed more than thirty days but less than six months prior to the death of the testatrix rendered voidable by Probate Code Section 41 at the instance of decedent's blood relatives, where there is a living heir of decedent's husband eligible to take under probate Code Section 228, all property involved having been derived from community property."
 Section 41 of the Probate Code provides that where a will is executed "at least 30 days before death, such devises and legacies [to charity] shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and bequests shall be made so as to reduce the aggregate thereof to one- third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent they would have taken said property as aforesaid but for such devices and legacies; otherwise the testator's estate shall go in accordance with his will and such devices and legacies shall be unaffected. Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will." *425
 Section 228 of the Probate Code, dealing with succession of community property "of one who dies without disposing of it by will," provides that if the decedent leaves neither spouse, issue, children of the deceased spouse or their descendants, or parents, then such community property descends "in equal shares to the brothers and sisters of said deceased spouse."
 Section 230 of the Probate Code, upon which appellants rely, provides that, "If there is no one to succeed any portion of the property in any of the contingencies provided for in the last two sections, according to the provisions of those sections, such portion goes to the next of kin of the decedent in the manner hereinabove provided for succession by next of kin."
 Finding against the present contentions of appellants, the trial court, in a Memorandum Ruling, observes that the bequest to charity "would not, in the language of the statute, have been 'contrary to the provisions' of the section ... nevertheless it may not be collected by the charities to the extent that the bequest exceeds one-third of the testator's net estate, so long as there are blood relatives of the kind described who could have taken the excess over one-third of the net estate. Here however, these blood relatives (appellants) could not have taken the excess ... but only one- half of such excess by reason of the fact that a relative by marriage (the husband's brother) survived the testatrix." The trial court was therefore "of the opinion that the words 'contrary to the provisions,' refer to such portion only of a bequest or bequests as exceeds one-third of the net estate. That being true it follows that the blood relatives (appellants) may take only one-half of the excess ... and that the other half of the excess goes to the charities involved." Distribution was ordered accordingly. It may also be noted that Ellis E. Randall, brother of testatrix' predeceased husband, is not a party to this appeal, and it is conceded that this brother, not being a relative of testatrix enumerated in section 41, is not entitled to share in the estate.
 It is the appellants' claim that "any provision of a Will--(where the testator died less than six months subsequent to the execution of the Will)--which attempts to dispose of more than one-third of the net distributable estate to a charitable institution, is 'contrary to the provisions' of said section 41"; that appellants are the "next of kin" mentioned *426 in section 230 of the Probate Code, and that therefore appellants should succeed to all of the net distributable estate except a one-third interest which it is conceded that respondent charities may lawfully take.
 [1] The disposition contended for by appellants, however superficially plausible it may appear to be, would in fact ignore the direct provisions of section 41 dealing with charitable bequests. A reading of that section makes it clear that the framers thereof had no intention of completely outlawing all charitable gifts in excess of one-third of the estate where, as in this case, the will was made 30 days before death. Even where the will is made within the 30-day period such gifts are not rendered invalid but as was said in Estate of Haines, 76 Cal.App.2d 673, 679 [173 P.2d 693], are merely voidable "at the instance of an aggrieved heir of a designated class; but such heir is not aggrieved unless he would have been entitled to take the property had it not been willed to charity." In the present case appellants would, as the trial court found, be entitled to only one-half of the estate had there been no charitable bequest, the brother of decedent's predeceased husband inheriting the other half of the community property. [2] Section 41 of the Probate Code is obviously intended as a complete exposition of the law of charitable gifts, and except as therein specifically indicated confers no additional rights upon any person. Nor is it permissible to ignore any of its definite provisions in favor of general statements found in other sections dealing with ordinary, non-charitable disposition.
 [3] Under the direct provisions of section 41, the only living persons who can object to the charitable gift here under discussion are a brother and two nephews of testatrix, appellants herein. But such persons, by the language of that section, take the property only "if and to the extent that they would have taken said property as aforesaid, but for such devises or legacies (to charity); otherwise the testators estate shall go in accordance with the will and such devises and legacies shall be unaffected." (Italics added.) And to make it doubly sure that the language should not be misunderstood, the section then provides that "[n]othing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity ... in any person who is not a relative of the testator belonging to one of the classes mentioned above, or in any such relative, *427 unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."
 As noted in respondents' brief, "Prior to the 1937 amendment to Probate Code Section 41, the section applied to a testator who died leaving 'legal heirs.' The 1937 amendment changed 'legal heirs' to read 'as against his spouse, brother, sister, nephew, niece, descendant or ancestor.' " Such limitations, said the court in Estate of Cottrill, 65 Cal.App.2d 222, 226 [150 P.2d 214], "enlarged or extended the rights of a testator to make testamentary gifts, ... by decreasing the number or classes of heirs ... who could object to charitable bequests." In like manner it may be said that section 41 definitely prescribes the rights of the objecting heirs and the extent to which benefits may accrue to such heirs. It does not give to appellants other or greater property rights than would have been enjoyed had there been no residuary charitable bequest, which in this case means a one-half interest only in the residue remaining after the charitable gift of one-third. [4] The fact that the husband's brother cannot legally take the other one-half of such residue, because not one of the mentioned relatives of testatrix, cannot increase the appellants' share. The remaining one-half of the residue, which the husband's brother would otherwise take, must therefore, as the trial court found, go exactly where testatrix intended it should go,--to the charities. There is nothing in section 41 to indicate otherwise.
 The Estate of Davis, 74 Cal.App.2d 357, 361 [168 P.2d 789], has been cited by both parties. While the facts in the Davis case are by no means identical with those in the instant case, the following language is applicable to the present situation: "By said language [ 41] the Legislature has declared that where, as in this case, charitable gifts in a will are voidable, the portion of the estate represented thereby shall pass to a surviving relative only to the extent that such relative takes the same under a substitutional or residuary bequest or devise, or if there be no such substitutional or residuary bequest or devise, under the laws of succession if there be no other effective disposition thereof in the will."
 The appellants herein are not mentioned as residuary or substitutional beneficiaries and the testatrix obviously entertained no such intention. Under the laws of succession, as *428 hereinbefore mentioned, appellants would, in the absence of charitable gift, be entitled to succeed to no more than a one-half interest. And so it must be here. After the original, valid, one-third gift to charity, appellants are entitled to receive no more than one-half of the two-thirds residue. The remaining one- half of such residue will then go to the charities under that provision of section 41 specifying that "otherwise the testator's estate shall go in accordance with his will and such [charitable] devises and legacies shall be unaffected." Any other disposition would, as already indicated, give effect only to such portions of section 41 as are in appellants' favor, ignoring all else. As said in respondent's brief: "Appellants' argument is based upon an erroneous and forced application of Probate Code Section 230 to facts which do not come under said section. In view of there being a living heir of descendant's previously deceased spouse, under Code Section 228 appellants are entitled to only one-half of decedent's intestate property. The lower court's decision gave appellants this one-half."
 The judgment is affirmed.
 York, P. J., and White, J., concurred.