115 Cal.App.2d 277 (1953)
Estate of REBECCA JEPHCOTT, Deceased. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, Petitioner; HADASSAH MEDICAL ORGANIZATION et al., Respondents,
v.
DOUGLAS S. JEPHCOTT et al., Appellants.
Civ. No. 19172. 
California Court of Appeals. Second Dist., Div. Three. 
Jan. 8, 1953.
 Ernest Eugene Walker for Appellants.
 A. A. Rotberg for Respondents.
 SHINN, P. J.
 By findings made on a hearing for distribution of the estate of Rebecca Jephcott, deceased, and objections thereto, the following facts were established.
 Rebecca Jephcott was the surviving wife of Montague F. Jephcott; all the property which was in her estate at the time of her death was acquired by her through gift, devise and bequest from the estate of her husband. Joseph, Leon, Israel and Henry Belous, are nephews of Rebecca, her next of kin and only heirs at law. Douglas S. Jephcott and Norman C. Jephcott are the children of Montague Frank Jephcott by a former wife, and are his next of kin and only heirs at law. Rebecca made a will by which she left more than one- third of her estate to charities and she died four months and ten days thereafter. When the estate was ready for distribution the nephews filed objections, claiming the right to receive the excess of said one-third of the estate. The stepsons, Douglas and Norman, also filed objections and sought distribution of the excess to themselves. All objections were overruled and distribution was made to the charities. Upon this appeal, Douglas and Norman are the appellants and the charities are the respondents. *279
 The foregoing facts bring in question the application of section 41 of the Probate Code. Under that section, the will having been executed at least 30 days before death, the legacies to the charities were valid and not subject to question as to one-third of the estate, but they could not exceed collectively more than one-third of the estate as against the decedent's spouse, brother, sister, nephew, niece, descendant or ancestor, who except for the will would have taken the excess over one- third. The section reads in part as set out below. [fn. 1] Although the objections of the nephews were overruled, they have not appealed and the order as to them has become final.
 The claim of appellants is based upon section 229 of the Probate Code which, so far as material here, provides a rule of succession where there is no will and the estate of the decedent was the separate estate of a predeceased spouse and came to the decedent by gift, descent, device or bequest. In that event the estate goes to the heirs of the former spouse, who, in the present case, upon the facts related, are appellants. If the property had been the community property of decedent and her former husband, and there had been no will, then, under section 228, Probate Code, appellants would have taken one-half the estate and the nephews of decedent the other half. The finding that the property came "from the estate of her previously deceased spouse, Montague F. Jephcott" means, we assume, that it was the separate estate of the former husband. It would appear, therefore, that the objections of the nephews were ineffective for any purpose for the reason that in the absence of a will the entire estate would have gone to appellants as sole heirs of the decedent's predeceased spouse. (See Estate of Randall, 86 Cal.App.2d 422 [194 P.2d 709].) *280
 It is the contention of appellants that when section 41 is read with sections 228 and 229 it should be so construed as to give those who, under the latter sections, would inherit in the absence of a will, the right to object to the bequests in excess of one-third of the estate. Such a construction would clearly be judicial legislation. It was said in Estate of Randall, at page 426: "Section 41 of the Probate Code is obviously intended as a complete exposition of the law of charitable gifts, and except as therein specifically indicated confers no additional rights upon any person. Nor is it permissible to ignore any of its definite provisions in favor of general statements found in other sections dealing with ordinary, non-charitable disposition." Section 41 was amended in 1937. Before the amendment the "legal heirs" of the decedent could challenge the devise or bequest of more than one-third of the estate to charity whereas, after the amendment, they can be challenged only by "a spouse, brother, sister, nephew, niece, descendent or ancestor" etc. [1] As stated in Estate of Cottrill, 65 Cal.App.2d 222, 226 [150 P.2d 214]: "The effect of the amendment, therefore, was to make a limitation as to the degree of relationship of heirs who could invalidate such testamentary gifts to charity. Such a limitation enlarged or extended the right of a testator to make testamentary gifts to charity, by decreasing the number or classes of heirs who could object to such disposition of property. The 1937 amendment eliminated some of the collateral and more distant relatives in whose behalf the charitable gift restrictions had theretofore operated." [2] So far as bequests and devices to charities are concerned section 41 not only is a limitation of the power of testamentary disposition but also of the rights of inheritance prescribed by sections 228 and 229 for estates of intestates. [3] Only those heirs who are named in section 41 may question the validity of gifts to charities by will executed more than 30 days but less than six months (section 43) prior to the death of the testator. [4] Children of a predeceased spouse, unless they also belong to one of the classes specifically named, have no right to question the validity of charitable bequests. The objections of appellants were properly overruled and the share of the estate which they claimed was properly distributed to the respondents.
 The judgment settling the final account and decreeing distribution is affirmed.
 Wood (Parker), J., and Vallee, J., concurred.
 "Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relatives, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."
NOTES
[fn. 1] 1. "All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.