219 Cal.App.2d 737 (1963)
Estate of ALEXANDER HENDERSON MOORE, Deceased. ALFRED FINLEY MOORE, Individually and as Administrator With the Will Annexed, etc., Plaintiff and Appellant,
v.
TRINITY METHODIST CHURCH et al., Defendants and Appellants.
California Court of Appeals. 
Sept. 4, 1963.
 Wilson & Wilson and William H. Wilson for Plaintiff and Appellant.
 Thomas S. Bunn, Jr., and Wiley D. Bunn for Defendants and Appellants.
 CONLEY, J. [fn. *]
 The former opinion herein was set aside and the cause resubmitted to permit a clarification of directions for distribution in the estate of Alexander Henderson Moore in accordance with the law as applied to our interpretation of the will of the decedent. Accordingly, we adopt as part of the present opinion the following quoted portion of our former opinion herein:
 "All of the parties interested in the above estate have appealed from the decree of the probate court determining heirship. The necessary prerequisite to the determination of what parties are entitled to take under the will consists of a construction of the holographic will itself, which reads as follows:"
 " 'Last Will of Alexander H. Moore"
 " 'Los Angeles, California"
 July 27, 1959
 " 'I hereby give unto my brother Alfred Finley Moore the sum of One Dollar and unto his wife Chella D. Moore the sum of One Dollar. They are my only heirs."
 " 'I hereby grant and give to the Trinity Methodist Church at Twelfth and Flower Streets, Los Angeles the balance of my estate to be used in its missionary work, with the exception of one hundred dollars per month, to be paid to Renee Dellavoix as long as she lives."
 " 'Signed"
 " 'Alexander H. Moore.'"
 "Alexander Henderson Moore died on October 27, 1959, *740 and his only brother and only legal heir, Alfred Finley Moore, was appointed administrator with the will annexed on February 23, 1961."
 "The foregoing will was dated more than 30 days, but less than six months, before his death, and the appeal involves, among other things, the application of the provisions of section 41 of the Probate Code, which reads as follows:"
 " 'No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, ...'"
 "Alfred Finley Moore, as administrator with the will annexed, filed a petition to determine interest in the estate and individually filed his statement of claim of interest. This was followed by the filing of a statement of claims of interest in the estate by the Trinity Methodist Church, a California non-profit corporation, and Renee Dellavoix. After due proceedings, the court filed its decision in the case and a decree determining that Trinity Methodist Church is entitled to one-third of the net distributable estate of the deceased, subject to a lien and charge to secure the payment to Renee Dellavoix of an annuity of $100 per month for the term of her natural life, beginning as of the date of decedent's death."
 [1] "No extrinsic evidence was introduced concerning the intention of the testator or the meaning of the holographic will. Therefore, the construction of the will is a question of law which may be independently determined by the appellate court. (Estate of O'Brien, 74 Cal.App.2d 405, 407 [168 P.2d 432]; Estate of Rollins, 163 Cal.App.2d 225, 227 [328 P.2d 1005]; Estate of O'Connor, 130 Cal.App.2d 258, 262 [278 P.2d 748].)"
 [2] "The basic rule to be applied in the interpretation of a will is that it should be construed in accordance with the *741 expressed intention of the testator. (Prob. Code, 101; Estate of Peabody, 154 Cal. 173, 175 [97 P. 184].)"
 [3] "And it should not be forgotten that in the construction of wills generally that interpretation is favored which avoids total or partial intestacy. (Estate of Rollins, supra, 163 Cal.App.2d 225, 227.)"
 [4] "Looking at the will above quoted, it seems apparent at once that the intentions of the testator were: First, practically to disinherit his only heir at law, Alfred Finley Moore, by giving him the sum of one dollar, and throwing in by way of largess the further sum of one dollar to his brother's wife. Such a provision in a will is intended by well-known custom and connotation to mean that the testator has in mind his mentioned heir and intends to leave him a nominal sum only and in fact to disinherit him. (Estate of Frinchaboy, 108 Cal.App.2d 235, 238 [238 P.2d 592].) Second, the decedent wished that Renee Dellavoix should receive an annuity of $100 per month as long as she should live. And third, the decedent desired that anything left over should go as a charitable bequest to the Trinity Methodist Church located at 12th and Flower Streets in Los Angeles. It seems to this court that he accomplished his obvious wishes in the holographic will which he prepared."
 [5] "One of the questions posed by the appellants is whether by the second paragraph of the will decedent intended to leave all of his property except the two dollars to his brother and sister-in-law in trust to the Trinity Methodist Church to pay Renee Dellavoix and to use what was left for missionary work, or whether Mr. Alexander H. Moore intended to provide the payment of the annuity to Renee Dellavoix from the estate itself, leaving any balance over and above the sum necessary to pay such annuity to the church for missionary work. It appears to us that the latter construction is to be preferred, and we find accordingly. In other words, the last paragraph of the holographic will means that decedent wished Renee Dellavoix to receive her annuity from the estate and that the balance of his property over and above that sum shall go to the church to engage in its missionary work. We are led to this conclusion in part because a church, while operating for the purpose of propagating the faith in which its members believe, is not designed by organization or customary function to pay annuities to individuals. On the other hand, the formally administered probate estate of a decedent is specifically created and designed to carry out his *742 intentions and to distribute his property in accordance with law and his expressed wishes. The mere fact that Mr. Moore lived in a civilized community and was a church member and that he made a will would induce an inference that he had general knowledge of the way business is carried on and the distinction between the activities of a church and the functions of the probate court."
 [6] "That the decedent intended to create an annuity in favor of Renee Dellavoix is apparent, and the annuity should begin as of the date of the testator's death. (Estate of Luckel, 151 Cal.App.2d 481, 491 [312 P.2d 24].) The annuity should be paid periodically by the administrator with the will annexed. [7] If the beneficiary should apply to the probate court under section 584 of the Probate Code for the purchase of an annuity, the court is authorized by law to grant such motion and has the right to prescribe the conditions under which the annuity shall be purchased. (Estate of Luckel, supra.)"
 [8] "The provision in favor of the church is charitable, as it is to be devoted to religious purposes, and the use for missionary work is approved by ample authority. (14 C.J.S., Charities, 17, 18, pp. 449, 450-451; Estate of Lubin, 186 Cal. 326 [199 P. 15]; Estate of DeMars, 20 Cal.App.2d 514 [67 P.2d 374]; 10 Am.Jur., Charities, 56, p. 625; 4 Scott on Trusts (2d ed.) 371.1, p. 2651; 10 Cal.Jur.2d, Charities, 6, p. 194; Estate of Graham, 63 Cal.App. 41 [218 P. 84]; Estate of Fitzgerald, 62 Cal.App. 744 [217 P. 773].)"
 [9] Section 41 of the Probate Code restricts by its terms the portion of the estate which the church can receive; the one-third which it is entitled to take is one-third of the net amount remaining in the estate after the payment of the costs of administration, the federal estate tax, if any, and the satisfaction of all proven debts of the decedent in the estate proceeding. (Estate of Hinckley, 58 Cal. 457, 516-517; Estate of Campbell, 175 Cal. 345, 351 [165 P. 931]; Estate of Dwyer, 159 Cal. 680, 693-694 [115 P. 242]; Estate of Bauer, 59 Cal.App.2d 152, 160 [138 P.2d 717]; Estate of Henderson, 17 Cal.2d 853, 862 [112 P.2d 605].)
 [10] If anything is left over after the payment of the foregoing specified costs of administration, federal estate tax, debts of the decedent, the bequests of one dollar each to Alfred Finley Moore and Chella D. Moore, the annuity in full to Renee Dellavoix, and the one-third of the net estate as above provided to Trinity Methodist Church, together with interest *743 as hereinafter specified, the brother of the decedent, Alfred Finley Moore, shall be entitled to all of such remainder by reason of the law of succession. (Prob. Code, 225; Estate of Fritze, 85 Cal.App. 500, 506 [259 P. 992]; Estate of Davis, 74 Cal.App.2d 357, 361 [168 P.2d 789]; Estate of Randall, 86 Cal.App.2d 422 [194 P.2d 709].)
 [11] Unless the annuity provision of the will shall be ordered satisfied by the court after application therefor by Renee Dellavoix through the purchase of such annuity from an insurer admitted to do business in this state, pursuant to the provisions of section 584 of the Probate Code, it is possible that by reason of the life span of the annuitant, the estate will not be sufficient, excluding the one-third assignable to charity, to complete the payment of the annuity. In such circumstances, the general estate, including that portion which would go to charity, would be liable for the payment of whatever sums would be required to complete the payment of the annuity in full. Section 161 of the Probate Code provides in part:
 "Legacies are distinguished and designated, according to their nature, as follows: ... (3) [Annuity.] An annuity is a bequest of certain specified sums periodically; if the fund or property out of which ... an annuity is payable fails, in whole or in part, resort may be had to the general assets, as in case of a general legacy; (4) [Residuary.] A residuary legacy embraces only that which remains after all the bequests of the will are discharged; (5) [General.] All other legacies are general legacies."
 Care should be taken, therefore, that no distribution shall be made of the permissible portion of the legacy to the Trinity Methodist Church, unless and until the annuity shall have been paid, or satisfied, in accordance with the terms of the will as construed in this opinion. The payment of the annuity to Renee Dellavoix is entitled to preference over the residuary legacy to Trinity Methodist Church. (Estate of Luckel, supra, 151 Cal.App.2d 481, 494-495.)
 [12] A word as to interest: the annuity commenced at the testator's death, and installments thereof were due at the end of each monthly period thereafter. Renee Dellavoix is entitled to interest at 4 per cent per annum on the amount of any unpaid accumulations of such monthly installments, on each anniversary of the decedent's death, computed from the date of such anniversary. [13] The pecuniary legacies, including the permissible fraction of the legacy to the Trinity Methodist *744 Church, if not paid prior to the first anniversary of the testator's death, shall bear interest thereafter at the rate of 4 per cent per annum; this interest shall be paid in addition to the legacies, or the permissible portions thereof, as heretofore set forth. (Prob. Code, 162; Estate of Fitzgerald, supra, 62 Cal.App. 744, 752.)
 The judgment is reversed with instructions to the trial court to adopt findings and enter a decree in conformity herewith. Trinity Methodist Church, a corporation, and Renee Dellavoix shall recover their costs on this appeal.
 Griffin, P. J., and Brown (Gerald), J., concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.