[Civ. No. 10689. Fourth Dist., Div. One. May 19, 1971.]

Estate of HERBERT FEUEREISEN, Deceased.
SAN DIEGO PUBLIC LIBRARY et al., Petitioners and Appellants, v.
BANK OF AMERICA, as Executor, etc., Objector and Respondent.

COUNSEL

John W. Witt, City Attorney, Clifton E. Reed and Peter D. Bulens, Deputy City Attorneys, Low & Stone and Joseph Stone for Petitioners and Appellants.

Kaminar, Sorbo, Andreen & Thorn and Howard Wiggins for Objector and Respondent.

OPINION

**COUGHLIN, Acting P. J.**—Petitioners, San Diego Public Library and the State of Israel, appeal from the denial of their petition, pursuant to

Probate Code section 584, for an order directing objector, Bank of America National Trust and Savings Association, as executor, to purchase an annuity.

The will of Herbert Feuereisen and a codicil were admitted to probate on July 1, 1969; designated the Bank of America, i.e., the objector, as executor; bequeathed his brother $100; devised and bequeathed all of the remainder of his property to the Bank of America in trust for the purpose of paying his sister Mathilda Feuereisen $270 per month for the rest of her life; directed the trust should continue until his sister's death and upon termination the trust assets should be "paid over" to San Diego Public Library and State of Israel, one-half thereof to each; authorized the trustee to invest and reinvest the trust property in designated common stocks; and prescribed the amount of compensation payable to the trustee. The estate consisted of bonds, corporation stocks, savings and loan accounts, small bank deposits and personal items, appraised at $121,359.52. After the time for filing creditors' claims had expired and the first account current of the executor had been approved, the San Diego Public Library and the State of Israel petitioned the court for an order directing the executor to purchase an annuity from Beneficial Standard Life Insurance Company of Los Angeles for the sum of $56,700, under which Mathilda Feuereisen would be paid $270 per month for life and upon her death $54,000 would be paid to and divided equally between the petitioners. Although the petition does not seek immediate distribution of the remainder of the estate, i.e., the amount thereof over $56,700, it is alleged the purchase of the annuity will save trustee's fees and enable petitioners to receive the remainder of the estate "instead of leaving it unnecessarily in trust." The petition asserts the court should order the executor to purchase the annuity on the basis proposed therein regardless of the consent or objection of Mathilda Feuereisen or the Bank of America.

The Bank of America, as executor, filed objections to the petition and, through its attorney, appeared at the hearing. Mathilda Feuereisen made no response to the petition or appearance at the hearing.[1] The court found, among other things, the testator intended to create a trust under his will for the primary benefit of Mathilda Feuereisen, and the showing made by petitioners did not constitute good cause why the court should exercise its discretion under Probate Code section 584 to authorize the purchase of a commercial annuity.

Petitioners contend, in substance, under the circumstances of the case

---

[1]The record on appeal shows the petition was served by mail on the executor but does not show any service upon Mathilda Feuereisen.

the court is required, as a matter of law, to direct the executor to purchase an annuity as requested pursuant to Probate Code section 584; and cite the decision in *Estate of Nicely,* 235 Cal.App.2d 174 [44 Cal.Rptr. 804] which, they assert, dictates this determination.

Probate Code section 584, in pertinent part, provides: "Pending the settlement of an estate . . . on the petition of the executor or administrator, or of any person interested in the estate, and upon good cause shown therefor, the court may order any money in the hands of the executor or administrator, to be invested . . . in the purchase from an insurer admitted to do business in this State and for any legatee named in the will of an annuity expressly granted to him by said will."

Preliminarily, it is pertinent to note although section 584 of the Probate Code provides the court may order "any money in the hands of the executor" to be invested, there is no showing there is any money in the hands of the executor, the Bank.

We conclude whether, under the circumstances of this case, the court should order the executor to invest in an annuity providing Mathilda Feuereisen a monthly payment of $270 during her lifetime, was a determination subject to an exercise of judicial discretion; the finding "good cause" for such an order was not shown is supported by the record; an abuse of discretion does not appear; and the order should be affirmed.

The testator bequeathed and devised the residue of his estate to a trustee with instructions concerning its investment; named his sister a beneficiary of the trust, directing payment be made to her by the trustee of $270 per month during her lifetime; and also named petitioners as beneficiaries, directing the trustee to pay to them upon the death of his sister the remainder of the trust estate. Petitioners, in substance, asked the court to disregard the terms of the will and, in lieu of a trust for the benefit of testator's sister, to liquidate estate property and purchase an annuity which, in substance, substitutes an insurance company for the trustee named by the testator to effect the payment of $270 per month to testator's sister for her lifetime. It is not shown the Bank of America is not capable of effecting the intent of the testator; an insurance company would effect that intent more competently; or any other reason existed for a change in the method directed by the testator to effect that intent. (Cf. *Fletcher* v. *Los Angeles Trust etc. Bank,* 182 Cal. 177, 180 [187 P. 425].)

The beneficiary of a testamentary trust has an equitable estate in the trust property vesting at the time of death of the testator. (*Title*

*Ins. & Trust Co.* v. *Duffill,* 191 Cal. 629, 647 [218 P. 14].) Thus, the sister had a vested equitable estate in the trust property. It is not shown the sister consents to a conversion of her equitable estate in trust property into an interest in an annuity under a contract executed by an insurance company. To the contrary, the petition at bench seeks an order directing the executor to purchase an annuity "regardless of the consent or opposition" of the sister.

The will at bench does not direct the payment of an annuity from the estate of the testator as in *Estate of Moore,* 219 Cal.App.2d 737, 742 [33 Cal.Rptr. 427] and *Estate of Luckel,* 151 Cal.App.2d 481, 491 [312 P.2d 24]. Where the annuity is payable from the estate the will imposes upon the executor the obligation of making the payments. In the discharge of this obligation the executor, as an administrative matter, properly may apply for and receive permission, pursuant to Probate Code section 584, to liquidate assets of the estate and invest the proceeds in an annuity. The petition at bench seeks more than the performance of an administrative obligation by the executor; seeks a change in the method of payment of a monthly sum to a beneficiary by substituting payment under an annuity contract for payment through a trust created by the testator; and, although not expressly asserted, seeks termination of that trust to effect immediate disposition of the residue of the estate to the petitioners in lieu of payment to them through the trustee upon termination of the trust on the death of the sister.

In *Estate of Nicely, supra,* 235 Cal.App.2d 174, upon which petitioners rely, the prospective termination of a trust providing for monthly payments to a beneficiary with remainder over to other beneficiaries and the investment by the executor of estate funds in an annuity, as an incident in the procedure to effect such termination, was approved. All of the beneficiaries under the trust were applicants for the relief sought. In the cited case termination of the trust was essential to compliance with the mandate of the law decreeing that portion of an estate in excess of the permissible percentage the testator is authorized to devise and bequeath to nonexempt charitable agencies should go to the testator's heir rather than to the heirs or assignees of such an heir, which would have resulted from compliance with the trust provisions in question. The trust frustrated the mandate of the law decreeing property of an estate in excess of the permissible percentage a testator is authorized to devise and bequeath to nonexempt charitable agencies shall go to his heir; the beneficiary under the annuity provisions of the trust was the only heir of the testator; enforcement of the trust would deny her the right to receive the excess impermissibly devised and bequeathed to nonexempt charitable agencies; and termination of the trust with consent of all the beneficiaries

would effect immediate distribution of the excess to the heir and consequent compliance with the law. Investment in an annuity pursuant to Probate Code section 584 was a prerequisite procedure prescribed by the court as an incident to termination upon consent of all the beneficiaries. Compliance with the mandate of the law heretofore noted constituted good cause for granting the order authorizing the investment of estate property in an annuity.

In the case at bench the circumstances relied upon as constituting good cause vary in material aspects from those in the cited case; are set forth in the allegation the purchase of an annuity would save trustee's fees in the sum of $750 a year and would enable petitioners to receive forthwith the excess of the estate over the purchase price of the annuity, instead of leaving it unnecessarily in trust; and do not require a finding of good cause as a matter of law.

The testator specifically designated the amount the trustee should receive for services in executing the trust; contemplated it should invest and reinvest the assets of the trust advantageously; and intended petitioners should receive the benefit of these investments upon the death of his sister. He did not intend a part of his estate should be used to pay an insurance company a fee to effect the payment of $270 per month to his sister and to use a part of his estate to invest and reinvest at its pleasure, retaining all of the profits received from such transactions above that necessary to make the $270 per month payment. The trial court was entitled to conclude trading a $750 a year trustee's fee for the fee charged by the insurance company and the potential profit from investing and reinvesting estate funds it would receive was not "good cause" to invest those funds in an annuity.

Petitioner's assertion the purchase of an annuity would enable them to receive forthwith the residue of the estate less only the price of the annuity is "good cause" for investment by the executor in an annuity, is premised on the predictions the trust would be terminated upon purchase of the annuity. Termination of the trust could be accomplished only upon consent of all the beneficiaries (Gen. see *Fletcher* v. *Los Angeles Trust etc. Bank, supra,* 182 Cal. 177, 179), or upon a showing the purpose for which it was created had ceased. (Civ. Code, §§ 871, 2279.) ■ Termination of the trust upon consent of the beneficiaries is decreed only when all of the beneficiaries are before the court and all of the beneficiaries consent to termination. (*Gray* v. *Union Trust Co.,* 171 Cal. 637, 641 [154 P. 306]; *Wogman* v. *Wells Fargo Bank,* 123 Cal.App.2d 657, 665 [267 P.2d 423].) ■ Even though Probate Code section 584 applies not only to an annuity created by "a bequest of

certain specified sums periodically" payable from the testator's estate (Prob. Code, § 161, subd. (3)), but also to a type of annuity effected through a testamentary trust under circumstances similar to those in *Estate of Nicely, supra,* 235 Cal.App.2d 174, it does not follow section 584 applies in all instances to an annuity effected by a testamentary trust. In any event, a trial court is entitled to conclude a showing the purchase of an annuity might result in termination of a trust which would benefit the remaindermen beneficiaries, without showing the life beneficiary consents to the termination, is not a showing of "good cause." Furthermore, where the application for an order directing the executor to purchase an annuity contemplates purchase of the annuity may effect the purpose of the trust and, in this manner, eliminate the necessity for consent of the life beneficiary to termination of the trust, a court does not abuse its discretion in refusing to grant the order where the life beneficiary has not joined in the application. The life beneficiary has a vested estate in the trust property which should not be subjected to termination unless, at least, she is an actual party to the proceeding.

The order is affirmed.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied June 4, 1971, and appellants' petition for a hearing by the Supreme Court was denied July 14, 1971.