74 Cal.App.2d 357 (1946)
Estate of WALTER DAVIS, Deceased. JAMES B. BOYLE, Petitioner and Respondent,
v.
PASADENA COLLEGE, Appellant; SAN FRANCISCO THEOLOGICAL SEMINARY et al., Contestants and Respondents; COMMUNITY CHEST OF PASADENA et al., Legatees and Respondents.
Civ. No. 15240. 
California Court of Appeals. Second Dist., Div. Two. 
May 2, 1946.
 Roland Maxwell and Paul H. Marston for Appellant.
 White & Harber and Lawrence A. Schei as Amici Curiae on behalf of Appellant.
 Boyle, Holmes, Fry & Garrett for Petitioner and Respondent.
 Hahn & Hahn, Irving M. Walker and D. S. Hammack for Legatees and Respondents.
 Meserve, Mumper & Hughes and Walter H. Odemar for Contestants and Respondents.
 McCOMB, J.
 Mr. Walter Davis died October 17, 1943, leaving surviving him a sister, nephews and nieces. On July 10, 1943, he had executed a will which contained, among others, these two provisions:
 "Tenth: After carrying out all the foregoing provisions of this my will, I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed and wherever situated, in equal shares to the following named beneficiaries, to wit:"
 Pasadena Home for the Aged, of Altadena, California;
 Boys' and Girls' Aid Society, of Altadena, California;
 Pasadena Preventorium, of Altadena, California;
 Salvation Army, Inc., Pasadena Branch, Pasadena, California;
 Los Angeles Orthopaedic Foundation, Los Angeles, California;
 San Francisco Theological Seminary, San Anselmo, California;
 Trustees of Pasadena College (Nazarene), Pasadena, California;
 Travelers Aid Society, Los Angeles, California; and
 Community Chest of Pasadena, Pasadena, California.
 "In the event any of the charitable corporations or institutions hereinabove named in this Paragraph Tenth shall not *359 be in existence at the date of my death, or for any reason under the laws of the State of California cannot take and receive the devise and bequest hereinabove made to such charitable corporation or institution, then in such event I give, devise and bequeath the portion of said residuary estate devised and bequeathed to such charitable corporation, in equal shares, to the other charitable corporations or institutions hereinabove named which are then in existence and can take and receive the property herein devised and bequeathed to them."
 "Eleventh: In the event that for any of the reasons set forth in Sections 41, 42 or 43 of the Probate Code of the State of California my executors or executor are unable to distribute any portion of my estate upon my death as hereinabove provided in Paragraphs Eighth and Tenth of this my will, I direct that in such event said portion of my estate shall be distributed, and I give, devise and bequeath the same, to James B. Boyle of San Marino, California, or to Clarence A. Matthews, of Pasadena, California, or to the survivor of them. Without intending to create any trust or other charge, condition or limitation enforceable in either law or equity, I request the persons or person receiving said property to use and dispose of the same so as to carry out my wishes."
 The total value of the residuary devises and bequests, together with the specific bequests to charitable institutions, exceeds one third of the net distributable estate of the testator.
 [1] Appellant Pasadena College and the San Francisco Theological Seminary, two of the nine legatees named in paragraph Tenth of the will are exempt from taxation under section 1 (a) of article XIII of the Constitution of the State of California and, therefore, are not subject to the limitations on bequests to charitable and benevolent organizations set forth in section 41 of the Probate Code. The other seven legatees mentioned in said paragraph are not so exempt. [fn. 1] *360
 An executor filed a petition for the construction of the will and for instructions to determine who was entitled to the distribution of the residuary estate. The probate judge held that the bequests of the residuary estate to the nine institutions named in paragraph Tenth of the will were valid and that upon distribution, the residuary estate should be distributed to such nine institutions. From this order the present appeal is taken.
 [2] Appellant urges that because the period of six months did not elapse between the making of the will and the death of the testator those provisions of the will giving to charity more than one third in value of the distributable estate are invalid and, therefore, under the provisions of paragraph Tenth of the will, the portion of said residuary estate devised and bequeathed to such charities which exceeds one third in value of the distributable estate is devised and bequeathed to the other charitable corporations or institutions named in said paragraph Tenth which can take and receive the property, to wit: Pasadena College and the San Francisco Theological Seminary, which are exempt from limitations upon gifts to charity by will and are entitled to have distributed to them an appropriate portion of the estate which, but for the restrictions of law upon testamentary gifts to charity would pass to the named charities. *361
 This proposition is untenable. The Legislature in 1943 added to section 41 of the Probate Code this provision:
 "Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will." (Italics added.)
 It is the italicized language of the amendment that is particularly pertinent to the case at bar. By said language the Legislature has declared that where, as in this case, charitable gifts in a will are voidable, the portion of the estate represented thereby shall pass to a surviving relative only to the extent that such relative takes the same under a substitutional or residuary bequest or devise or, if there be no such substitutional or residuary bequest or devise, under the laws of succession if there be no other effective disposition thereof in the will.
 Under the will of Walter Davis, his sister, nieces and nephews are not made beneficiaries under any substitutional or residuary bequest or devise and they cannot inherit under the laws of succession because there is no lack of effective disposition in the will of the portion of the estate represented by the charitable gifts in excess of one third of the estate.
 In the case at bar, if the gifts to charity in excess of one third of the estate were voidable under section 41 of the Probate Code, the portion of the estate represented thereby would go to Messrs. Boyle and Matthews under the substitutional clause of paragraph Eleventh or pass under paragraph Tenth. There is thus no intestacy as to said portion of the estate. The substitutional gift to Messrs. Boyle and Matthews is clearly noncharitable, creates no trust and, as shown by Estate of Purcell (1914), 167 Cal. 176 [138 P. 704], [fn. 2] is unobjectionable under statutory restrictions upon gifts to charity. *362
 Thus, the sister, nieces and nephews are excluded from participation either as legatees, devisees or heirs. The conclusion must be that the only relatives of the prescribed classes surviving Walter Davis are precluded by law and by the terms of the will from participating in any distribution of that portion of the estate bequeathed or devised to charity. Therefore, the testamentary dispositions are valid and enforceable and the order of the probate court so construing the will is proper.
 For the foregoing reasons the order is affirmed.
 Moore, P. J., and Wilson, J., concurred.
 "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall unaffected."
 "[Takers of property: Persons not relatives: Amount taken.] Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the exent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."
 The heirs attacked the residuary gift as violative of the statutory restrictions upon charitable gifts. The court said, on page 178:
 "... The part of the will quoted above was properly declared valid. It does not create a precatory trust. But even if it did, the proportion of the estate not permitted by law to be so bequeathed and devised would, under the provisions of section 1313 of the Civil Code, [now substantially Section 41 of the Probate Code] go to the residuary legatee if one were named in the will, and one is so designated. ..."
 This is a clear indication that under the law antedating the 1937 amendment of section 41 of the Probate Code, heirs might not inherit the portion of an estate represented by an excessive gift to charity if a residuary beneficiary were named. Estate of Broad (1942), 20 Cal. 2d 612 [128 P.2d 1], holding otherwise, was based upon section 41 as altered in 1937. The 1943 amendment restores the statute, in this respect, to its status precedent to the 1937 amendment.
NOTES
[fn. 1] 1. Section 41 of the Probate Code as variously amended including the amendment of 1943 (Stats. 1943, ch. 305, p. 1296), now reads:
[fn. 2] 2. In Estate of Purcell, supra, the testatrix left the residue of her estate to Charles A. Purcell, a brother-in-law, declaring: "... It has always been my desire and purpose to devote a large part of my property and estate to charitable purposes and uses, and to make such provisions therefor in my will. But under the exigencies of this will I am not now able to designate the particular charities and benevolences to which I Mary B. Purcell desire to extend my bounty. The said Charles A. Purcell, however, is fully aware of and understands my desires in this regard, and I have full confidence in him that he will, in his judgment, respect and endeavor to carry out my said wishes and desires. I therefore request of him to do so, so far as he may think proper, without, however, intending by this clause or anything that may be herein stated, to create any trust or to place any limitations upon the said Charles A. Purcell, residuary legatee, in respect to the said legacy."