[Civ. No. 7273.   Third Dist.   Oct. 30, 1946.]

Estate of MAYME K. HAINES, Deceased.   ELEANOR MOTT et al., Respondents, v. WILLIAM J. ROGERS et al., Appellants.

Busick & Busick for Appellants.

Joseph W. Mento, Frank F. Atkinson, White & Harber and Lawrence A. Schei for Respondents.

PEEK, J.—Mayme K. Haines died testate in the county of Sacramento on August 13, 1944. On July 31, 1944, within 30 days of her death, she executed a will which contained, among others, the following provisions:

"SIXTH: All the rest, residue and remainder of the property and estate which I may own, or in which I may have any interest, at the time of my death, including lapsed bequests, I give and bequeath to the EASTERN STAR LODGE NO. 183, Marion, Iowa, to be by said Lodge used for the benefit of the EASTERN STAR MASONIC HOME AT BOON, IOWA, said fund to be administered by the Board of Directors of said Eastern Star Lodge No. 193.

"SEVENTH: I have purposely made no provision for my half brother, W. J. ROGERS, of West Union, Iowa, or for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this Will or not mentioned herein, shall contest this Will or object to any of the provisions hereof, I give to such person so contesting or objecting the sum of TEN DOLLARS ($10.00) and no more in lieu of the provisions which I might have made or which I have made herein for such person so contesting or objecting.

"EIGHTH: If the disposition of the residue of my estate, or any portion thereof, to the EASTERN STAR LODGE NO. 183, as hereinabove provided, shall be held to be in violation of Section 41 of the PROBATE CODE of the State of California

then I direct that such disposition to the extent that the same is valid and legal shall remain in full force and effect. Any portion of my estate which shall be held to have been disposed of in violation of Section 41 of the PROBATE CODE shall be distributed to my friend, ELEANOR MOTT. However, in no event and under no circumstances shall any part of my estate go to my half-brother W. J. Rogers.''

By another paragraph (FIFTH), all the personal effects of the testatrix and a legacy of $500 were bequeathed to the said Eleanor Mott.

At the time of her death, there were left surviving the decedent six nephews and nieces (children of her brothers and sisters), her half-brother William J. Rogers (since deceased), and a friend Eleanor Mott.

After a hearing on the petition of the executor for a settlement of the final account and for distribution, the probate court made and entered a final decree of distribution, determining that ''Eastern Star Lodge No. 183 of Marion, Iowa, is a charitable or benevolent society or corporation; that the disposition of the residue of the estate of testatrix to said Eastern Star Lodge No. 183 of Marion, Iowa, is in violation of Section 41 of the Probate Code of the State of California,'' and further decreeing that ''there is hereby distributed to Eleanor Mott the following property of said decedent, to-wit: ... Third: All of the rest, residue and remainder of the property and estate of said decedent which consists of the sum of $2,196.17 in cash, together with any other property not now known or discovered which said decedent may have been the owner of during her lifetime, or which her estate has acquired an interest in since her death.''

It is from said paragraph third of the decree that the six nephews and nieces and the personal representative of the deceased half-brother's estate prosecute this appeal.

■ The question presented is the validity and effect under section 41 of the Probate Code of a testamentary gift to charity of a portion of the decedent's estate, where the decedent dies within 30 days after executing the will, leaving surviving heirs within the third degree of consanguinity, and the will contains a substitutional residuary clause which would have required distribution of the property in question to a nonrelative if the gift to charity had not been made.

Probate Code, section 41, as amended by statutes of 1943, page 1296, chapter 305, provides:

"No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. "If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

The sole question posed in the present case appears definitely to have been answered in the case of *Estate of Davis*, 74 Cal.App.2d 357 [168 P.2d 789], decided by Division Two of the Second District Court of Appeal on May 14, 1946, in which a hearing was denied by the Supreme Court. The factual situations in the two cases bear a remarkable similarity— so much so that the respondent herein, Eleanor Mott, filed an appearance therein as a friend of the court and urged the same arguments as those she has advanced before this court in support of the order of the trial court herein decreeing distribution of the residue of the estate to her.

In the Davis case the decedent, who was survived by a sister

and nephews and nieces, executed a will approximately three months prior to his death. Said will contained provisions wherein certain designated charities were given the residue of the estate, and, if for any reason any of said charities were unable to take, the residue was to be prorated among the charities that could take, or, if under sections 41 to 43 of the Probate Code there should be some portion of the estate which could not be distributed as above provided, then his executor was directed to distribute the same to certain named individuals.

The executor filed a petition for the construction of the will and instructions to determine who was entitled to the distribution of the residuary estate. The probate judge held that the bequests of the residuary estate to the charitable institutions named in the will were valid and that said estate should be distributed to them.

From such order an appeal was taken. The appellants urged that, because of the limitation as to time contained in section 41 of the Probate Code, the portion of the residuary estate devised and bequeathed to charity which exceeded one-third in value of the distributable estate should be distributed to those certain charities alternatively named in the will which were competent to take under the law. The appellate court held this proposition to be untenable, and further held that the probate court properly ordered distribution to the charities named as primary residuary devisees and legatees, in accordance with the terms of the will.

In discussing the reasoning by which this conclusion was reached, the court explained that the relatives of Davis could not take in any event, inasmuch as they were not named in the will as beneficiaries under any substitutional or residuary bequest or devise, and they could not inherit under the laws of succession because ''there is no lack of effective disposition in the will of the portion of the estate represented by the charitable gifts in excess of one third of the estate.'' (74 Cal. App.2d 361.)

Additionally the court concluded that if the gifts to charity in excess of one-third of the estate were voidable under section 41, such portion would go to the named individuals under the substitutional clause, and that, therefore, there was no intestacy, the relatives were precluded from taking, and ''the testamentary dispositions are valid and enforceable and the

order of the probate court so construing the will is proper.'' (74 Cal.App.2d 362.)

To paraphrase the language of the opinion in the Davis case and apply the same to the present one we may state our conclusion as follows:

Under the will of Mayme K. Haines, her nephews and nieces are not made beneficiaries under any substitutional or residuary bequest or devise and they cannot inherit under the laws of succession because there is no lack of effective disposition in the will of the portion of the estate represented by the charitable gift.

If the gift to charity made within 30 days of the death of the testatrix was voidable under section 41 of the Probate Code, the portion of the estate represented thereby would go to Eleanor Mott under the substitutional clause of paragraph Eighth. There is thus no intestacy as to said portion of the estate. The substitutional gift to Eleanor Mott is clearly noncharitable, and creates no trust. Hence the nephews and nieces are excluded from participation either as legatees, devisees or heirs.

Therefore the conclusion herein must be that the only relatives of the prescribed classes surviving Mayme K. Haines are precluded by law and by the terms of the will from participating in any distribution of that portion of the estate bequeathed or devised to charity.

It necessarily follows that the testamentary disposition to Eastern Star Lodge No. 183 is valid and enforceable and the decree of the probate court should so provide.

The circumstance that the case at bar deals with a charitable gift made within 30 days of death, as conditionally prohibited by the first sentence of section 41, whereas the Davis case dealt with an excessive charitable gift made more than 30 days prior to death, as conditionally prohibited by the second sentence of said section, appears to be immaterial in view of the fact that by the general language of the next succeeding sentences of the section gifts of either kind not expressly prohibited are in effect declared to be valid.

It is apparent that the 1943 amendment of section 41 has served to clarify the legislative intent. Not only does it emphasize the rule that a gift to charitable uses is voidable only if the heir would ''otherwise'' have taken, as explained in the majority opinion in *Estate of Broad* (1942), 20 Cal.2d 612 [128 P.2d 1] (see *Estate of Fleishman,* 62 Cal.App.2d

588 [145 P.2d 86]; 31 Cal.L.Rev. 118-120; 17 So.Cal.L.Rev. 145-146), but it also serves to accomplish the result deemed desirable by Mr. Justice Traynor in his dissenting opinion in the Broad case, to wit, that a residuary gift in favor of the heir will defeat intestacy.

■ Accordingly, it may be stated that generally speaking a testamentary gift to charity is valid, even though made within 30 days of the testator's death; however, such a gift may nevertheless be avoided at the instance of an aggrieved heir of a designated class; but such heir is not aggrieved unless he would have been entitled to take the property had it not been willed to charity, as in a case where the will provides an alternative disposition to one other than the heir.

While our determination herein is such as to preclude appellants from prevailing upon their appeal, it does not follow that a correct disposition of the case would be obtained by affirming the decree below, which distributes the estate in question to respondent Eleanor Mott instead of respondent Eastern Star Lodge No. 183. (See, *Edlund* v. *Superior Court,* 209 Cal. 690, 695 [289 P. 841].) Therefore the judgment is reversed with directions that a decree be entered in accordance with the opinion herein.

Adams, P. J., and Thompson, J., concurred.