122 Cal.App.2d 167 (1953)
Estate of HENRIETTA MORAN, Deceased. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., et al., Respondents,
v.
LILLIAN WAGNER et al., Appellants.
Civ. No. 19844. 
California Court of Appeals. Second Dist., Div. One. 
Dec. 21, 1953.
 Louis Thomsen for Appellants.
 W. R. Hervey, Jr., for Respondents.
 WHITE, P. J.
 More than 30 days but less than six months prior to her death Henrietta Moran executed a holographic will whereby, after a specific bequest of jewelry to Nancy Stromstaedt, she left the "balance" of her estate to the respondents Bensenville Home Society and The Angel Guardian Catholic Orphan Society of Chicago, both charitable institutions in the State of Illinois. Pursuant to directions in the will, respondent Security-First National Bank of Los Angeles was appointed executor. The decedent was survived by two nieces, Lillian Wagner and Irma Brown, who are the appellants herein. The appellants entered no appearance or demand for notice in the probate proceedings, pursuant to section 1202 of the Probate Code, or otherwise. In due course respondent bank, as executor, filed its final account and petition for distribution, praying that the estate be distributed pursuant to the will in equal shares to the two orphanages. Appellants did not appear at the hearing of the account and petition or file objections thereto. The superior court entered its decree distributing the estate to the orphanages, and the present appeal is from that decree.
 Section 41 of the Probate Code provides as follows:
 "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least thirty days before the death of the testator. If so executed at least thirty days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised *169 contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected."
 "Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."
 The decree of distribution, being in contravention of the quoted Probate Code section (in that it distributes the entire residue of the estate to the named charities, rather than limiting the charitable bequests to one-third of the estate), should be reversed as erroneous, unless it can be properly held that the appellant nieces have waived their rights under the section. It is appellants' position that since they have taken a timely appeal from the decree of distribution, they cannot be held to have waived their rights.
 Respondent executor argues that charitable bequests in violation of section 41 are not void, but voidable only, at the instance of the aggrieved heir; that one attacking a decree of distribution must be diligent in asserting his rights, which may be waived by failure to appear before entry of the decree. It is further urged by the respondent that appellants should have contested the will "or its validity" within the six-month period prescribed by section 380 of the Probate Code. There is no merit to this last-stated contention. The purpose of a contest is to determine issues of fact involving due execution of the will, competency of the testator, the presence or absence of duress, menace, fraud or undue influence, or "any other question substantially affecting the validity of the will." (Prob. Code, 371.) As pointed out by respondent itself, the will is "valid" in the absence of objection by the aggrieved parties. (Estate of Haines, 76 Cal.App.2d 673 [173 P.2d 693].) An attempted contest on the ground that the charitable provisions of the will were in contravention of section 41 of the Probate Code could have resulted only in the dismissal of the contest and the admission of *170 the will to probate, with the power remaining in the probate court to decree distribution at the proper time in accordance with applicable law.
 [1] The sole question presented is whether persons situated as were the appellant nieces herein can be held to have waived, forfeited or lost their right to insist that the charitable bequests be limited to one- third of the estate by reason of the fact that they entered no appearance in the probate proceedings and filed no objections to the petition for distribution, but asserted their rights by an appeal from the decree of distribution.
 It is stated in 154 A.L.R. at page 686: "The protection of a statute limiting the testator's power to make charitable bequests by declaring them to be invalid if made within a specified time prior to the testator's death, or if in excess of a specified fraction of his estate where the testator is survived by certain named persons, may also be waived by actions from which the intention of the person to waive the protection of the statute may be inferred. What acts amounts to such an implied waiver is, of course, a question of fact."
 In urging that the omissions of appellants in the present cause amounted to a waiver, respondent executor emphasizes that the appellants did not request special notice of proceedings in the estate, did not appear on the hearing on the petition for distribution, although they received notice thereof, and did not file a petition for determination of heirship. The appellants learned of the death of the testatrix shortly following her demise, and at about the same time learned of the contents of the will and sought legal advice. On the other hand, it appears from the affidavits of the appellants (filed in support of their motion to vacate the decree of distribution, which motion was denied) that they were advised by their attorneys that it would be too difficult and expensive to institute proceedings to contest the will, and consequently they did nothing until the decree of distribution was entered, whereupon they filed their notice of appeal. The appellants were not residents of California and secured their advice from attorneys in Illinois.
 The record presents no basis for a conclusion that the appellants had waived their rights to succeed to two-thirds of the estate. While they did not request notice or file objections to the final account and petition for distribution, they did file a timely appeal from the decree of distribution which was erroneous under section 41 of the Probate Code. *171 The cases relied upon by respondent executor are not applicable in the present situation, where a timely appeal was taken, but involved situations where an attack was made upon a decree after it had become final. In Federal Farm Mtg. Corp. v. Sandberg, 35 Cal.2d 1 [215 P.2d 721], the decree of distribution had been final for two years. McGavin v. San Francisco P. O. A. Soc., 34 Cal.App. 168 [167 P. 182], involved an attack upon a decree which had been final for more than a year, and which, although perhaps erroneous, was conclusive, there being no showing of extrinsic fraud or mistake. Similar facts were involved in Estate of Loring, 29 Cal.2d 423 [175 P.2d 524], where the court on appeal said: "It is settled, however, that, once final, an erroneous decree of distribution, like any other erroneous judgment, is conclusive as a decree that contains no error." (Emphasis added.)
 Estate of Lingg, 71 Cal.App.2d 403 [162 P.2d 707], Estate of Scrimger, 188 Cal. 158 [206 P. 65], and Metzger v. Vestal, 2 Cal.2d 517 [42 P.2d 67], are merely further illustrations of the rule applicable to judgments generally, that an attack thereon, when the judgment has become final, must meet the settled equitable rules that the attacking party must not be guilty of laches.
 Respondents have cited no authority which holds that parties situated as were the appellants herein cannot preserve their rights by a timely appeal from the decree of distribution.
 Manifestly, the gifts by will to the charitable institutions are in violation of the express provisions of section 41 of the Probate Code. Pursuant to the code provisions just cited, these gifts must be reduced to one-third of the net distributable estate. Respondent Nancy Stromstaedt, because of the specific bequest in the testamentary document, is entitled to receive the oval pin set with stone resembling cameo, also numerous small white stones resembling pearls; the white and yellow metal ring set with numerous small white stones resembling diamonds; and the yellow metal ring set with one green stone resembling emerald and white stones resembling diamonds, all appraised at a total value of $147.
 One-third of the balance of the estate, less the foregoing bequest of jewelry, goes to respondent charitable institutions, and the remaining two- thirds goes, pursuant to the laws of succession, equally to appellants, the nieces and sole heirs-at-law of decedent. *172
 The decree from which this appeal is taken is reversed, and the cause remanded with directions to the court below to decree distribution in accordance with the views herein expressed. Appellants to recover costs on appeal, payable out of the estate.
 Doran, J., and Drapeau, J., concurred.