[Civ. No. 21873. Second Dist., Div. Two. Dec. 3, 1956.]

Estate of EDITH E. OFF, Deceased. ROBERT C. KIRK-WOOD, as State Controller, Appellant, v. ELMER P. BROMLEY, Respondent.

James W. Hickey, Chief Inheritance Tax Attorney, Walter H. Miller, Chief Assistant Inheritance Tax Attorney, and William A. Parsons, Assistant Inheritance Tax Attorney, for Appellant.

H. E. Lindersmith for Respondent.

MOORE, P. J.—The State Controller appeals from the order allowing an inheritance tax refund.

Decedent Edith E. Off bequeathed two-thirds of the residue of her estate to the Shriners Crippled Children's Hospital, a charity exempt from taxation. The amount of the gift exceeded the maximum allowed by Probate Code, section 41, which provides, in general, that under certain circumstances a testator may not leave in excess of one-third of his estate to charity to the exclusion of specified lawful heirs. The taxing authorities levied the inheritance tax on the assumption that certain of the decedent's heirs would take a portion of the gift which the will designated for the charity. The order imposing the tax became final by lapse of time without appeal. When time for distribution arrived, those heirs who were entitled to take that portion of the gift to the charity in excess of one third of the estate acquiesced in the generosity of the testator. Such acquiescence resulted in the distribution of the residue in accordance with the terms of the will. By its order, the court distributed the estate without regard to the benefits reserved to such heirs by Probate Code, section 41. Thereupon, Elmer P. Bromley, executor of decedent's estate, brought this action for refund of a portion of the taxes previously

assessed and paid. The trial court erroneously awarded the relief sought.

■ An order determining inheritance-tax liability is in the nature of an ordinary civil judgment. (Rev. & Tax. Code, § 14672.) ■ The order having become final without appeal therefrom, its correctness may no longer be challenged. (*Estate of Willis*, 34 Cal.2d 782, 788 [215 P.2d 453].) Thus respondent cannot now argue that the heirs were never truly the transferees of any of the sums bequeathed to the charity and that the tax imposed on the assumption that they were such transferees was invalid. It is res adjudicata between the parties at bar that the heirs were the transferees of the sums for purposes of taxation.

■ However, section 14401 of the Revenue and Taxation Code provides an avenue of relief for taxpayers which may be pursued even after the order imposing tax has become final. As indicated, only such a statute may benefit respondent at this state of the proceedings. The section provides, *inter alia,* that if a tax has been paid on a transfer subject to a "contingency which might burden, abridge, defeat, or diminish the . . . interest of the transferee, and the gift was valued without allowance for the . . . contingency," the taxpayer should be allowed a tax refund when the contingency occurs and divests him of his gift. ■ The "contingency" relieved against by the section "is the technical contingency of the type which may vest, divest or diminish an estate, as in the case of a contingent remainder . . . in the sense usually employed in conveyancing, and with reference to the divesting or diminution of a presently vested or enjoyed estate by the vesting or coming into enjoyment of a contingent future estate." (*Estate of Willis, supra,* 34 Cal.2d 782, 786.)

The parties hereto have utilized a considerable portion of their briefs in arguing the issue of whether Probate Code, section 41, renders an excessive gift to charity void in part or only voidable at the instance of the aggrieved heirs. Respondent cites cogent authorities to the effect that the gift is not void ab initio, but that the section merely allows a certain class of blood relations to demand the annulment of a portion of the gift so that it might devolve to their benefit. (*Estate of Leymel,* 103 Cal.App.2d 778, 781 [230 P.2d 48]; *Estate of Randall,* 86 Cal.App.2d 422, 426 [194 P.2d 709]; *Estate of Haines,* 76 Cal.App.2d 673, 679 [173 P.2d 693].) The theory of these decisions is that the section is not a true mortmain statute enacted to serve the policy of the state

in curbing the wealth of powerful charitable institutions, but that it is only a legislative protection of the natural objects of a testator's bounty from his excess of zeal to assist those he believes to be deserving. (*Estate of Dwyer*, 159 Cal. 680, 687 [115 P. 242].) On the other hand, appellant urges that the section is a statute of succession; that immediately upon the death of the testator, the heirs acquired by descent a portion of those sums which the will designated for the charity. *Estate of Moran* affords some support to this contention inasmuch as certain of the Moran heirs were allowed to contest the testator's excessive gift to charity for the first time on appeal from "the decree of distribution which was *erroneous* under section 41 of the Probate Code." (*Estate of Moran*, 122 Cal.App.2d 167, 170 [264 P.2d 598], emphasis added.) However, in the instant matter it is clear that respondent is entitled to no relief from the tax levied regardless of which of the foregoing views prevails.

Accepting as true respondent's contention that section 41, *supra*, merely vests certain heirs with the right to effect the avoidance of a portion of the charity's bequest, we have to determine what is the "contingency" which has burdened, abridged, defeated or diminished the transfer to those determined to be the transferees for the purpose of taxation. The only event which prevented those heirs from in fact receiving all to which the law entitled them was their own failure to assert their rights at the time the will was probated. In the first place, this is certainly not the technical "contingency" required by *Estate of Willis, supra*. In the second place, section 13409 of the Revenue and Taxation Code provides that if "an heir waives or renounces his interest in the estate . . . the tax is nevertheless computed as if he had not so waived or renounced." If waiver or renunciation of the right to inherit will not relieve against taxation in the first instance, it is certainly not the sort of "contingency" which will justify a refund of the tax after the order imposing it has become final.

But, assuming that section 41 of the Probate Code does in fact govern succession and that the heirs were immediately vested with a portion of the charity's gift upon the death of the testator, what then was the "contingency" which prevented its actual transfer to them? The event which prevented their taking the property was an erroneous decree of distribution entered by the probate court. The possibility that a court may distribute property erroneously in contra-

vention of the law is not the sort of technical contingency referred to in *Estate of Willis, supra.*

Finally, it must be emphasized that respondent's arguments now urged might have been efficacious upon an appeal from the order imposing the tax. Had respondent attacked that order on the ground that Probate Code, section 41 was not a statute of succession and thus did not render the heirs transferees of any portion of the gift to charity, his arguments might have prevailed. ▮ However, respondent has relegated himself to his limited rights under Revenue and Taxation Code, section 14401, and that section affords him no relief.

The order decreeing the refund of inheritance taxes paid is reversed.

Fox, J., and Ashburn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 30, 1957. Carter, J., was of the opinion that the petition should be granted.