[Civ. No. 5354.   Fourth Dist., Feb. 27, 1957.]

Estate of LAURA BELLE HUGHES, Deceased.   H. M. S. RICHARDS, Appellant, v. ROSALIND HUGHES, Respondent.

Musick, Peeler & Garrett and Theodore A. McCabe, Jr., for Appellant.

Edwin W. Wilson for Respondent.

BARNARD, P. J.—This is an appeal from a decree of final distribution in this estate insofar as it denies to the appellant the full amount of the residue of the estate.

The decedent's will recited that she was a widow and that she had no close relatives other than her adopted daughter, Rosalind Hughes, and the son of that daughter. She then gave bequests of $900 to that daughter and $200 to the grandson, and three specific bequests to other individuals. This was followed by a gift of $400 to the Seventh Day Adventist School, and immediately thereafter she gave the residue of her estate "to H. M. S. Richards, Box 155, Los Angeles (53), California, for his broadcasting work." The report of the inheritance tax appraiser, which was approved and affirmed by the court, found that this bequest to Richards was a gift to charity and exempt from the payment of inheritance tax.

The final account and petition for distribution recited that there was available for distribution the sum of $3,636.26. After reciting the amounts of the specific bequests, and stating that the will gave to Richards the residue of said estate for his broadcasting work, the petition alleged:

"10. The total charitable bequests are limited by law to one-third of the distributable estate, and therefore the residuary bequest to H. M. S. Richards, for his broadcasting work, is limited to 1/3rd of $3,636.26 or $1,212.09, less $400.00 bequeathed to the Seventh Day Adventist School, or the sum of $812.09; and that the balance of the residium should be distributed to Rosalind Hughes, daughter and sole descendant of decedent herein, in the sum of $924.17."

With respect to the residue of $1,736.26 the petition asked for a distribution to Richards for his broadcasting work of $812.09, and that the balance, amounting to $924.17, be distributed to Rosalind Hughes as the surviving heir. Due notice was given the appellant of the time and place of hearing the petition, but he did not appear at the hearing and no opposition was filed. The court approved the account, found that all of the allegations of the petition are true, and distributed the residue in accordance with the petition. This appeal followed and is presented on a clerk's transcript.

It is first contended that the court's findings are insufficient to sustain the order made. It is argued that the court merely found that all of the allegations of the petition for distribution are true; that the petition did not allege that the appellant is a charitable or benevolent society or corporation, or that the gift to him was in trust for charitable uses,

which are the only two reasons under section 41 of the Probate Code for denying him the full amount of the residue of this estate; that it follows that there is no finding that this was a gift to the appellant in trust for charitable uses; and that in the absence of such a finding there is nothing to justify the failure of the court to distribute to the appellant the entire amount of the residue. The petition alleged that the total charitable bequests are limited by law to one-third of the distributable estate and that "therefore" the residuary bequest to Richards for his broadcasting work is limited to one-third of the distributable estate, with allowance being made for the amount bequeathed to the Adventist School which is admittedly charitable in nature. These allegations, which the court found to be true, obviously refer to the requirements of the law as expressed in section 41 of the Probate Code. These findings are sufficient when the necessary effect of the allegations is considered, and there is an implied finding that the gift to Richards for his broadcasting work was one in trust for charitable uses.

It is next contended that the gift to the appellant is clearly not one in trust for charitable uses. It is argued that at best the words "for his broadcasting work," as used in the will, evidence an intent to reward Richards for his past services to the cause of religious radio broadcasting; that they are the equivalent of "in recognition of his broadcasting work"; that they express only the motive for making the gift and therefore do not create a trust in the donee; that before a trust could arise it must appear that the testatrix intended to impose an imperative obligation on Richards to perform some act; that there is no such obligation here; that at best there is merely a suggestion concerning how he would use the money; that a mere statement of the purpose for which a gift is made does not *per se* show an intent to make the donee a trustee to accomplish that purpose; and that there is not the slightest indication in the residuary clause of this will that a trust was intended or created.

It is admitted that Mr. Richards is "roughly the equivalent of Edward R. Murrow in the field of religious broadcasting," and that he has broadcast over national networks on religious subjects for years under the name "Voice of Prophecy." It is clear from the terms of the will that the testatrix was interested in advancing religious work. She gave five specific bequests and, with the exception of that to her daughter, the one to the Adventist School is the largest. That bequest was

immediately followed by the residuary clause in question. It is quite clear from the terms of the will that this residuary clause was intended for the specific purpose of enabling Richards to carry on or extend his broadcasting work, which was of a religious nature, and that it was not intended for his personal benefit. The contentions here made are sufficiently answered in the decision in *Estate of Hamilton*, 181 Cal. 758 [186 P. 587], and the principles there applied are applicable here. In that case the court said: " 'The question for determination is, whether the devisee or legatee is the beneficiary, or merely a trustee for others, of the gift bestowed upon him; . . .' " It was pointed out that the legacy there in question was intended to be used for paying others for certain services and not to be used by the donee for his own benefit or as he saw fit, and the court said: ''This is no more than saying that it was given upon a trust . . .'' and that an obligation existed to use the legacy for a certain purpose. It was further pointed out that it was not necessary, in order to create a trust, that the testator intended that the obligation imposed should be one which would be enforceable by the courts, the court saying:

''The true rule is, we believe, that in the absence of anything indicating an intention on the testator's part that it should be so enforced, it is sufficient if it appear that the testator did intend to place upon the legatee an obligation as to whose performance the latter has no discretion and which he cannot fail to perform in good conscience and in good faith toward the testator.''

In this case, as in the Hamilton case, the words of gift and the words of request or direction are immediately coupled together in the same sentence. It is apparent that they were connected together in the testator's mind, and it clearly appears that both were a part of a single purpose which she was seeking to accomplish. Moreover, there is nothing in the record to indicate that there was any relationship or bond of any kind between this testatrix and the legatee which would make him the natural object of her bounty, and no such claim is advanced in his behalf.

It cannot reasonably be thought that the testator intended that Richards personally should be the beneficiary of this gift, or that the bequest was made to him with the intention that he was to be free to do as he pleased with it. The words here used were sufficient to create a trust for the purpose named. (*Estate of Marti*, 132 Cal. 666 [61 P. 964, 64 P.

1071].) This bequest was given for the benefit of a series of religious broadcasts in which the testatrix was interested and which she considered to be for the benefit of people in general. The court construed the will in that manner and its construction is a reasonable one which should not be disturbed on appeal.

It is true that there is no evidence in the record showing that the broadcasting being done by the appellant was religious broadcasting. It may be assumed in support of the judgment that the trial judge had knowledge of this fact, and the court sufficiently found that this bequest was one in trust for charitable uses. In any event, this is an admitted fact and it would be a useless thing to reverse the order made for the sole purpose of taking evidence with respect to a fact which is admitted to be true. Under the admitted facts, a reversal could be of no benefit to the appellant.

The decree appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.