[L. A. No. 26462. In Bank. Oct. 9 1962.]

Estate of ELMER L. SANDERSON, Deceased. BALBENA S. SYSTER, as Administratrix, etc., Contestant and Appellant, v. THE ROMAN CATHOLIC BISHOP OF SAN DIEGO et al., Defendants and Respondents.

Robert A. Kaiser, Jeremiah F. O'Neill, Jr., and John E. Nolan for Contestant and Appellant.

Howard S. Dattan, Victor E. Urias and Quintin Whelan for Defendants and Respondents.

SCHAUER, J.—This is an appeal from a judgment dismissing a petition to determine heirship, approving and settling accounts of the executor, ordering payment of fees, and decreeing distribution of the estate to certain charitable beneficiaries named in decedent's will. We have concluded that the trial court correctly determined that by reason of a substitutional dispositive clause of the will contestant-appellant may not avoid the charitable gifts, and that on the specified ground the judgment should be affirmed insofar as relevant to that controlling issue.

From the record it appears that decedent executed his will on January 24, 1957, and died eight days later, on February 1, 1957. By the terms of the will the entire estate was bequeathed to certain charitable institutions. The will further provides as follows: "In the event that any bequest or devise

in this Will be declared void by reason of any statute in effect at the time of my death restricting or prohibiting testamentary gifts to charity, then I give, devise and bequeath the amount or amounts thereof to Charles F. Buddy and Thomas Ackerman of San Diego, California, as joint tenants, and without imposing or attempting to impose any legally enforceable obligation upon them, request that they carry out my wishes as expressed in this Will.''

At the time the will was executed Charles F. Buddy was the Roman Catholic Bishop of the Diocese of San Diego, and it is undisputed that the ''Thomas'' Ackerman named in the will was intended to refer to Richard Ackerman, Auxiliary Bishop of San Diego.

The will was offered for probate in February 1957, and before expiration of that month decedent's sole survivor and heir, his brother Harvey Syster,[1] filed objections to probate. Mr. Syster, in his verified specification of objections to the will, alleges ''That . . . the purported dispositions in said document are within the purview of Probate Code, Section 41,[2] of the State of California; that HARVEY SYSTER, brother of the said decedent, requests that said provisions be declared invalid.''

Mr. Syster died in June 1957 and his widow, as administratrix of his estate, carries on his attack against the dispositive provisions of the will. Following various proceedings (see *Estate of Sanderson* (1959) 171 Cal.App.2d 651 [341 P.2d

---

[1] Decedent Elmer L. Sanderson, it appears, had changed his family name from Syster to Sanderson.

[2] Probate Code section 41 provides in relevant part: ''No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. . . . All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

''Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will.''

358]), the will was admitted to probate (see *Estate of Sanderson* (1960) 183 Cal.App.2d 740 [6 Cal.Rptr. 893]), and in November 1959 petition for final distribution was filed. In December 1959 Mrs. Syster, in her capacity as "Administratrix of the Estate of HARVEY SYSTER, Contestant," filed objections to the petition for final distribution and reasserted the ground, among others, which her husband had advanced in his objections to probate of the subject will, i.e., "that the purported dispositions in said document are within the purview of Probate Code, Section 41"; and in February 1960 she (here also acting as the duly qualified representative of her deceased husband) filed a petition to determine heirship.[3] Following a trial on the two matters the court in a single judgment ordered the petition to determine heirship dismissed and the estate to be distributed in accordance with the terms of the will. This appeal by Mrs. Syster (of course, in her representative capacity) followed.

We have concluded that it is unnecessary to determine whether the trial court erred in dismissing the petition to determine heirship. This is true because in the circumstances of this case the ultimate result must be the same regardless of whether the dismissal order be affirmed or reversed. ▉ However, to preclude implication of support for erroneous inferences, it is appropriate to point out that the trial court in making the order of dismissal appears to have had the view that under our decision in *Estate of Bunn* (1949) 33 Cal.2d 897, 900-901 [3] [206 P.2d 635], Mrs. Syster was not a person entitled to carry on the contest or assert that the dispositive provisions of the will violated Probate Code section 41. In this the trial court was mistaken. It was not Mrs. Syster as an individual claiming in her own right who was objecting to distribution under the will; it was Mrs. Syster solely in her capacity as qualified personal representative of Harvey Syster, surviving (and *subsequently* deceased) brother of Elmer L. Sanderson (Syster), who was carrying on Harvey's claim to the property interest which he had asserted during his lifetime.

---

[3] The petition to determine heirship carefully alleges the ground of objection to the dispositive provisions of the will asserted by Harvey Syster, i.e., "that said estate is not in a condition to be closed by reason of a pending appeal in said estate, and by reason of the pending determination of the objections of Harvey Syster, deceased, by and through Balbena B. Syster, the administratrix of the Estate of Harvey Syster, under the provisions of Section 41 of the Probate Code of the State of California."

Nothing which we said in the *Bunn* case (see also *Estate of Hughes* (1962) 202 Cal.App.2d 12, 18 [8-11] [20 Cal.Rptr. 475]) precludes the personal representative of decedent's surviving heir from carrying on and prosecuting by appropriate legal proceedings the attack on the validity of the charitable bequests *which had been initiated by the surviving heir*. In the *Bunn* case the heir entitled to challenge the will died without having asserted any appropriate claim. We there (pp. 900-901 [3] of 33 Cal.2d) quoted from a decision of the Supreme Court of Iowa (*Karolusson v. Paonessa* (1928) 207 Iowa 127 [222 N.W. 431, 433]) and reasoned, " '*If such designated parties* [the relatives listed in the statute] do not challenge the bequest to charity, it does not lie in the mouth of *any other person* to challenge it. It may often happen that a testator will make a bequest to charity . . . and leave a surviving spouse, and the spouse will fully acquiesce in such charitable bequest and wish that the will be carried out in its entirety. Could it be said that, under the statute, the mere fact of the existence of a surviving spouse would enable some other person, such as a distant collateral heir, to challenge the bequest to charity? We think not. [Citations.]' " (Italics added.) And the opinion continues (p. 901 of 33 Cal.2d), "Nor is the administratrix of the estate of Mrs. Bunn's husband [in the circumstances there extant] in any better situation, for the right to contest a will on this ground [violation of Probate Code section 41] has been held to be purely personal, to be narrowly restricted, and one which does not pass to the representative of a decedent as a part of his estate. [Citation.]"

In the case at bench, however, the first step in the proceeding to establish the personal claim of the heir was taken by him when he filed objections to probate specifically asserting that he was "the brother and sole heir at law of said decedent . . . [that] the purported dispositions in said document [the will] are within the purview of Probate Code section 41 . . . [and that he] Harvey Syster, brother of the said decedent, requests that said provisions [of the will] be declared invalid." Thus the heir himself made the election and asserted the claim. This he was entitled to do. We are of the view that Harvey's claim of heirship to the property of Elmer's estate, as thus evidenced and asserted is of the nature of a property right (*Estate of Baker* (1915) 170 Cal. 578, 585-588 [150 P. 989]; see also *Estate of Field* (1951) 38 Cal.2d 151, 154-155 [2] [238 P.2d 578]) and is not cut off by his subsequent death.

For reasons hereinafter developed it appears, nevertheless, that the judgment appealed from must be affirmed insofar as it settles the accounts and reports of the executor, allows and orders fees and expenses to be paid, and directs distribution of the estate. This result follows solely on the ground that the substitutional clause of the will providing for disposition of the estate in case the charitable gifts be declared void defeats appellant's right to avoid the charitable provisions. The order purporting to dismiss the petition to determine heirship is therefore immaterial and may be disregarded.

Under the terms of section 41 a relative of the enumerated class may avoid a charitable legacy or devise only if and to the extent he would have taken the property but for such legacy or devise; where there is an otherwise effective disposition in the will of the portion of the estate represented by the charitable gifts, the claims of the relative are ineffectual. (See fn. 2, *ante*; *Estate of Haines* (1946) 76 Cal.App.2d 673, 675-679 [1, 2] [173 P.2d 693]; *Estate of Davis* (1946) 74 Cal.App.2d 357, 360-362 [2] [168 P.2d 789].)

In order to avoid the substitutional clause of the subject will, appellant contends that the gift thereby made is a mere subterfuge and that the bishops named therein would hold the gift upon a secret trust. Bishop Buddy, called as a witness, testified that as a man of good conscience he would feel obligated to carry out the testator's wishes although not legally compelled to do so nor obligated to do so as a priest. The trial court found that the bishops did not agree orally or otherwise prior to the death of decedent to dispose of or hold the gift in accordance with any direction or request of decedent and that no secret trust of any sort was created.

As appears hereinabove, although the testator specifically declined to impose any legally enforceable obligation upon the bishops to use the gift for charitable purposes, he did request in his will that they so use it.

The law has long been settled that no precatory trust is created where the testator intended to create a moral obligation upon the legatee to carry out the testator's wishes, but expressed the intent that the obligation not be legally enforceable and "deliberately left the matter of its performance exclusively to the good faith of the legatee." (*Estate of Hamilton* (1919) 181 Cal. 758, 769 [7] [186 P. 587] and cases there cited; see also *Estate of Duncan* (1956) 145 Cal.App.2d 612, 614-615 [2-3] [302 P.2d 892].) Pursuant to this rule, it appears that no precatory trust was created by the

testator here, and for that reason neither his brother nor any other relative may avoid the charitable gifts contained in the will. Cases relied upon by appellant, such as *Estate of Hughes* (1957) 148 Cal.App.2d 782, 784-786 [2] [307 P.2d 404], show no such specific intent expressed by the testator, and no useful purpose would be served by discussing them further.

For the reasons above stated, the above specified portions of the judgment appealed from are affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Tobriner, J., concurred.

Appellant's petition for a rehearing was denied November 7, 1962.