[Civ. No. 29280.    Second Dist., Div. Two.    May 5, 1966.]

Estate of VERNA LEE ROBISON, Deceased.    ARTHUR LAWRENCE LEE, as Administrator, etc., Petitioner and Appellant, v. VOICE OF PROPHECY et al., Objectors and Respondents.

Jerry B. Riseley for Petitioner and Appellant.

Harold L. Myers for Objectors and Respondents.

FLEMING, J.—Appeal from an order determining interest in an estate.

Verna Robison, the decedent, was survived by her father, brother, and sister. Under her will, as amended by a valid codicil, she gave all stocks, bonds, and cash to the Southern California Association of Seventh Day Adventists. She divided the residue of her estate into thirds, one-third to be apportioned among the father, sister, and brother, one-third to go to Voice of Prophecy, and the remaining third to Faith for Today. Her will expressly provided "In the event any provision herein contained in favor of the Voice of Prophecy, a Corporation, and Faith for Today, a Corporation, shall be invalid or wholly or partially inoperative, for any reason whatsoever, then that portion of my estate which [they] are prevented from receiving on account of said invalidity, shall be distributed to La Sierra College, located at La Sierra, California." (Cf. *Estate of Sanderson,* 58 Cal.2d 522, 523-524 [25 Cal.Rptr. 69, 375 P.2d 37].) The parties stipulated that Voice of Prophecy, Faith for Today, and the Seventh Day Adventist Church are charities.

The principal issue is the effect on this will of Probate Code, sections 41 and 42.[1] The great bulk of the estate consisted of

---

[1]Probate Code, section 41: "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, *who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised,* unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, *who would otherwise as aforesaid, have taken the excess over one-third,* and if they do, a pro rata deduction from such devises and

stocks, bonds, and cash. The trial court found that the limitations imposed by section 41 on testamentary gifts to charity restricted the amount of the bequest to the Seventh Day Adventist Church to one-third of the total estate. The other two-thirds fell within the residuary estate, and under the will the father, assignee of the brother and sister, became entitled to one-third of the residue. The remaining two-thirds of the residue, which the testator had willed to Voice of Prophecy and Faith for Today, could not, in the trial court's view, be given to her intended beneficiaries because a third of the total estate had already been allocated to charity. However, the trial court found that the substitute beneficiary, La Sierra College, was an educational institution excepted by Probate Code, section 42, from the restrictions on charitable testamentary disposition imposed by section 41, and determined that two-thirds of the residuary estate should be awarded to La Sierra College.

The trial court erred. If a substitutional gift is made to a person or organization not subject to the restrictions of section 41, the effect of the substitutional gift is to nullify the surviving relative's status as one "who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, . . ." (Prob. Code, § 41.) Because of the substitutional gift, relatives who would otherwise have taken the property lose their status as prospective beneficiaries, the original charitable gift no longer falls within the limitations imposed by section 41, and the gift passes to the original donee under the terms of the will. (*Estate of Sanderson,* 58 Cal.2d 522, 527 [25 Cal.Rptr. 69, 375 P.2d 37] ; *Estate of Haines,* 76 Cal.App.2d 673, 679 [173 P.2d 693] ; *Estate of Davis,* 74 Cal.App.2d 357, 361-362 [168 P.2d 789] ; Witkin, Summary of Cal. Law (1960), pp. 3022-3024.) ▆ "Under the terms of section 41 a relative of the enumerated class may avoid a charitable legacy or devise only if and to the extent he

legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, *if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.* [Italics added.]

"

Probate Code, section 42: "Bequests and devises . . . to any educational institution which is exempt from taxation under section 1a of Article XIII . . . of the Constitution of this State and statutes enacted thereunder . . . are excepted from the restrictions of this article."

would have taken the property but for such legacy or devise; where there is an otherwise effective disposition in the will of the portion of the estate represented by the charitable gifts, the claims of the relative are ineffectual. [Citations.]'' (*Estate of Sanderson*, 58 Cal.2d 522, 527 [25 Cal.Rptr. 69, 375 P.2d 37].) If La Sierra College was an educational institution exempt from taxation under our Constitution, the residuary gifts to Voice of Prophecy and Faith for Today were valid.

Appellant Frank Cooke Lee, decedent's father, contends the evidence failed to support the finding that La Sierra College was an educational institution exempt from taxation. Section 1a of article XIII of the Constitution provides: ''Any educational institution of collegiate grade within the State of California, not conducted for profit, shall hold exempt from taxation its buildings and equipment, its ground within which its buildings are located, its securities and income used exclusively for the purposes of education.'' Revenue and Taxation Code, section 203, provides in part: ''An educational institution of collegiate grade is an institution incorporated as a college or seminary of learning under the laws of this State, which requires for regular admission the completion of a four-year high school course or its equivalent, and confers upon its graduates at least one academic or professional degree, based on a course of at least four years in liberal arts and sciences, or on a course of at least three years in professional studies, such as law, theology, education, medicine, dentistry, engineering, veterinary medicine, pharmacy, architecture, fine arts, commerce, or journalism.

''An educational institution of collegiate grade is not conducted for profit when it is conducted exclusively for scientific or educational purposes and no part of its net income inures to the benefit of any private person.'' ▮ La Sierra College's business manager testified the school is a four-year college, it grants academic degrees, its program of studies is similar to that offered by the University of Southern California, it pays no taxes on its educational facilities and activities, and its income is used exclusively for general educational purposes. The college is operated by a board of trustees elected by lay members of the Seventh Day Adventist Church, but the church does not directly control the college, and a person need not be a member of the church to attend the college. This testimony supported the finding that ''the college is a non-profit institution of collegiate grade, and is entitled to tax exemption on the college buildings and equipment, and further is not

subject to statutory limitations on bequests to charitable and benevolent organizations.''

After the entry of the findings and order of the trial court, La Sierra College assigned its rights under the order to the two charities originally named as beneficiaries under the will, Faith for Today and Voice of Prophecy. Appellant contends this assignment constituted a renunciation by La Sierra College of its rights under the will which had the effect of making him sole residuary legatee. We 'do not agree. La Sierra College did not renounce its gift under the will. Rather, it asserted its right to take under the will and then undertook to follow the testatrix's intended benefaction by voluntarily assigning the gift to the two charities named in her will. Such an assignment did nothing to vitiate the status of La Sierra College as a valid substitutional beneficiary, nor did it affect the trial court's prior determination of interest in the estate.

The order determining interest in the estate is affirmed as to Southern California Association of Seventh Day Adventists and Frank Cooke Lee. The order is vacated as to La Sierra College, and the trial court is directed to order two-thirds of the residuary estate divided equally between Voice of Prophecy and Faith for Today. All parties will bear their own costs on appeal.

Roth, P. J., and Herndon, J., concurred.